UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALI FIDAN and ECE KARAGOZ
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class*,

                                Plaintiff,

        -against-

ISTANBUL REGO PARK INC.
d/b/a BLACK SEA FISH AND GRILL,
ALI GULU, YASIN CABUK, YURI DOE,
and YUJIN DOE,

                              Defendants.
-------------------------------------------------------------X

Case No.

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiff Ali Fidan ("Fidan" or "Plaintiff Fidan") and Plaintiff Ece Karagoz ("Karagoz or Plaintiff Karagoz") ("collectively "Plaintiffs") alleges on behalf of themselves and others similarly situated against Defendants Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Defendant Black Sea Fish and Grill"), Ali Gulu ("Gulu" or "Defendant Gulu"), Yasin Cabik ("Cabik" or "Defendant Cabuk"), Yuri Doe [last name unknown] ("Yuri" or Defendant Yuri") and Yujin Doe ("Yujin" or Defendant Yujin") [last name unknown] (collectively "Defendants"), upon information and belief, as follows:

### NATURE OF THE CLAIMS

      1.     Plaintiff Fidan alleges pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages, (4) all tips to which employees are entitled and (5) attorneys' fees and costs.

      2.     Plaintiff Fidan further alleges that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid

overtime, (3) statutory penalties, (4) liquidated damages, (5) all tips to which employees are entitled, (6) spread-of-hours pay under state law and (7) attorneys' fees and costs.

3. Plaintiff Karagoz alleges pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 et. seq. ("FLSA") that she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages, (4) all tips to which employees are entitled and (5) attorneys' fees and costs.

4. Plaintiff Karagoz further alleges that, pursuant to the New York Labor Law ("NYLL") that she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages, (5) all tips to which employees are entitled, (6) spread-of-hours pay under state law and (7) attorneys' fees and costs.

5. Lastly, the Plaintiffs alleges a claim under 26 U.S.C. § 7434 for the fraudulent filing of information returns.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants maintain their principal place of business in this district and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

## THE PARTIES

**Plaintiff Fidan**

9.      Plaintiff Fidan was and is a resident of Queens County, New York.

10.     From approximately March 2020 to January 2022, Plaintiff Fidan was employed by Defendants as a dishwasher and as a salad chef.

11.     For the duration of his employment with Defendants, Plaintiff Fidan was an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

12.     By way of example, during his employment with Defendants, Plaintiff served and prepared food items to customers containing ingredients that were produced outside of New York State and transported via interstate commerce.

13.     At all times relevant to this action, Plaintiff Fidan was an employee of Defendant Black Sea Fish and Grill within the meaning of the FLSA and NYLL.

**Plaintiff Karagoz**

14.     Plaintiff Karagoz was and is a resident of Queens County, New York.

15.     From approximately September 2018 to September 2021, Plaintiff Karagoz was employed by Defendants.

16.     For the duration of her employment with Defendants, Plaintiff was an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

17.     By way of example, during her employment with Defendants, Plaintiff served food items and prepared and served alcoholic beverages sold to customers containing ingredients that were produced outside of New York State and transported via interstate commerce.

3

18.     At all times relevant to this action, Plaintiff Karagoz was an employee of Defendant Black Sea Fish and Grill within the meaning of the FLSA and NYLL.

**Defendant Gulu**

19.     Upon information and belief, Defendant Gulu is a resident of the State of New York.

20.     At all times relevant to this action, Defendant Gulu served as a principal, officer, owner, and/or manager of Black Sea Fish and Grill.

21.     At all times relevant to this action, Defendant Gulu was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

22.     At all times relevant to this action, Defendant Gulu possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Black Sea Fish and Grill.

23.     Defendant Gulu possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiffs' employment.

24.     Employees of Black Sea Fish and Grill, including Plaintiffs, could complain to Defendant Gulu regarding any of the terms of their employment, and Defendant Gulu would have the authority to effect any changes to the quality and terms of their employment.

25.     The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Defendant Gulu, individually or through her agents, officers, employees, or representatives, while actively engaged in the management and/or ownership of Black Sea Fish and Grill.

26.     Defendant Gulu is personally jointly and severally liable for the violations of the FLSA and NYLL by Black Sea Fish and Grill.

**Defendant Cabuk**

27.     Upon information and belief, Defendant Cabuk is a resident of the State of New York.

28.     At all times relevant to this action, Defendant Cabuk served as a principal, officer, owner, and/or manager of Black Sea Fish and Grill.

29.     At all times relevant to this action, Defendant Cabuk was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

30.     At all times relevant to this action, Defendant Cabuk possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Black Sea Fish and Grill.

31.     Defendant Cabuk possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiffs' employment.

32.     Employees of Black Sea Fish and Grill, including Plaintiffs, could complain to Defendant Cabuk regarding any of the terms of their employment, and Defendant Cabik would have the authority to effect any changes to the quality and terms of their employment.

33.     The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Defendant Cabuk, individually or through her agents, officers, employees, or representatives, while actively engaged in the management and/or ownership of Black Sea Fish and Grill.

34.     Defendant Cabuk is personally jointly and severally liable for the violations of the FLSA and NYLL by Black Sea Fish and Grill.

**Defendant Yuri**

35.     Upon information and belief, Defendant Yuri is a resident of the State of New York.

36.     At all times relevant to this action, Defendant Yuri served as a principal, officer, owner, and/or manager of Black Sea Fish and Grill.

37.     At all times relevant to this action, Defendant Yuri was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

38.     At all times relevant to this action, Defendant Yuri possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Black Sea Fish and Grill.

39.     Defendant Yuri possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiffs' employment.

40.     Employees of Black Sea Fish and Grill, including Plaintiffs, could complain to Defendant Cabuk regarding any of the terms of their employment, and Defendant Yuri would have the authority to effect any changes to the quality and terms of their employment.

41.     The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Defendant Yuri, individually or through her agents, officers, employees, or representatives, while actively engaged in the management and/or ownership of Black Sea Fish and Grill.

42.     Defendant Yuri is personally jointly and severally liable for the violations of the FLSA and NYLL by Black Sea Fish and Grill.

**Defendant Yujin**

43.     Upon information and belief, Defendant Yujin is a resident of the State of New York.

44.     At all times relevant to this action, Defendant Yujin served as a principal, officer, owner, and/or manager of Black Sea Fish and Grill.

45.     At all times relevant to this action, Defendant Yujin was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

46.     At all times relevant to this action, Defendant Yujin possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Black Sea Fish and Grill.

47.     Defendant Yujin possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiffs' employment.

48.     Employees of Black Sea Fish and Grill, including Plaintiffs, could complain to Defendant Yujin regarding any of the terms of their employment, and Defendant Yujin would have the authority to effect any changes to the quality and terms of their employment.

49.     The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Defendant Yujin, individually or through her agents, officers, employees, or representatives, while actively engaged in the management and/or ownership of Black Sea Fish and Grill.

50.     Defendant Yujin is personally jointly and severally liable for the violations of the FLSA and NYLL by Black Sea Fish and Grill.

**Defendant Black Sea Fish and Grill**

51.     Defendant Black Fish Sea and Grill is a domestic business corporation existing under the laws of the State of New York.

52.     At all times relevant to this action, Black Sea Fish and Grill has been a business or enterprise engaged in interstate commerce employing more than fifteen (15) employees and earning gross annual sales over $500,000.00.

53.     At all times relevant to this action, Defendant Black Fish Sea and Grill is a Mediterranean themed restaurant.

54.     At all times relevant to this action, Defendant Black Fish Sea and Grill is operating out of two different locations.

55.     At all times relevant to this action, Defendant Black Fish Sea and Grill has a restaurant located at 3100 Ocean Pkwy, Brooklyn, NY 11235.

56.     At all times relevant to this action, Defendant Black Fish Sea and Grill has a restaurant located at 95-36 Queens Boulevard Rego Park, NY 11374.

<u>**FLSA COLLECTIVE ACTION ALLEGATIONS**</u>

57.     Plaintiffs bring a claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

58.     At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.  The claims of the Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

59.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

60.    Plaintiffs bring a claim for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

61.    All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under FRCP Rule 23.

62.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the

9

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

63.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action.   All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours, (iv) failing to pay all tips to which employees are entitled, (v) failing to provide proper wage statements per requirements of the New York Labor Law, and (vi) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

64.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.   Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

65.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.   Class action treatment will permit a large number of similarly

situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

66.     Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

67. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed the Plaintiffs and Class members within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

d. Whether Defendants properly notified Plaintiffs and Class members of their hourly rate and overtime rate;

e. Whether Defendants paid Plaintiffs and Class members the proper minimum wage rate;

f. Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

g. Whether Defendants paid Plaintiffs and Class members spread of hours pay under the New York Labor Law;

h. Whether Defendants provided a proper wage notice to Plaintiffs and Class Members per requirements of the New York Labor Law; and

i. Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law.

## FACTUAL ALLEGATIONS

**Plaintiff Fidan's allegations**

68.     Plaintiff Fidan was employed by the Defendants as a non-exempt employee from approximately March 2020 to January 2022.

69.     From approximately March 2020 to July 2020, Plaintiff Fidan worked for Defendant Black Sea Fish and Grill restaurant located at 3100 Ocean Pkwy, Brooklyn, NY 11235.

70.     That at all times herein relevant, Plaintiff Fidan worked as a dish washer.

71.     That at all times herein relevant, Plaintiff Fidan performed other tasks for the Defendants such as advertising and repairing the premises.

72.     At the Brooklyn location, Plaintiff Fidan usually worked from Friday to Wednesday, having only Thursday off.

73.     That at all times herein relevant, Plaintiff Fidan was not given a lunch break and was not given any paid sick days.

74.     At the Brooklyn location, Plaintiff Fidan worked six (6) days per week.

75.     At the Brooklyn location, Plaintiff Fidan worked from 11:30 a.m. to 1:00 a.m. or 2:00 a.m. (depending on the time the last customer left the restaurant).

76.     That at all times herein relevant, Plaintiff Fidan worked approximately 65 to 75 hours per week.

77.     That at all times herein relevant, Plaintiff Fidan was paid in cash.

78.     That at all times herein relevant, Plaintiff Fidan was only paid $600 per week.

79.     That at all times herein relevant, Plaintiff Fidan is owed unpaid overtime and unpaid minimum wage from his work at Black Sea Fish and Grill located at 3100 Ocean Pkwy, Brooklyn, NY 11235.

80.     From approximately July 2020 to January 2022, Defendant transferred Plaintiff Fidan to another restaurant with the same name, Black Sea Fish and Grill, located at 95-36 Queens Boulevard Rego Park, NY 11374.

81.     That at all times herein relevant, following this transfer, Plaintiff Fidan had the same position, as dish washer and the same schedule set by the Defendants.

82.     That at all times herein relevant, following this transfer, the Defendants increased Plaintiff Fidan's pay rate to $650.

83.     That at all times herein relevant, Plaintiff Fidan was still owed unpaid overtime and unpaid minimum wage from his work at Black Sea Fish and Grill located at 95-36 Queens Boulevard Rego Park, NY 11374.

84.     That at all times herein relevant, In or around May 2021, Plaintiff Fidan received another pay raise, this time the Defendants increased Plaintiff Fidan's pay rate to $700 from $650.

85.     That at all times herein relevant, Defendants changed Plaintiff Fidan's position from dish washer to Salad Preparer.

86.     At the Queens location, Plaintiff Fidan worked the same schedule, from Friday to Wednesday, having only Thursday off.

87.     At the Queens location, Plaintiff Fidan worked six (6) days per week.

88.     At the Queens location, Plaintiff Fidan worked from 11:30 a.m. to 11:00 p.m. or 2:00 a.m. (depending on the time the last customer left the restaurant).

89.     At the Queens location, Plaintiff Fidan worked approximately 65 to 75 hours per week.

90.     That at all times herein relevant, Plaintiff Fidan was paid in cash and check while working at Defendants' restaurant located in Queens.

91.     On or around January 2022, Plaintiff Fidan complained about the wage violations.

92.     That at all times herein relevant, Defendants began to retaliate in response to the complaint.

93.     That at all times herein relevant, Defendants cut Plaintiff Fidan's work hours because Plaintiff Fidan complained about his owed unpaid wages.

94.     That at all times herein relevant, Defendants withheld ten days of wages from Plaintiff Fidan.

95.     That at all times herein relevant, Defendants advised Plaintiff Fidan to take two days off work and then to come back.

96.     That at all times herein relevant, when Plaintiff Fidan came back to work two days later, the Defendants informed Plaintiff Fidan that they could not employ him at this time, and told him to report back to work two months later.

97.     That at all times herein relevant, when Plaintiff Fidan came back to work two months later, the Defendants still refused to employ Plaintiff Fidan.

98.     That at all times herein relevant, Defendant Gulu told Plaintiff Fidan; **"You can find a job elsewhere."**

99.     That at all times herein relevant, Defendant Gulu hired new employees instead of reinstating Plaintiff Fidan's position with proper wages.

100.   That at all times herein relevant, Plaintiff Fidan sent Defendant Gulu a message, requesting the ten days of unpaid wages, which was ignored.

101.   On or around January 2022, Plaintiff Fidan was effectively terminated in retaliation of his complaints.

102.   Plaintiff Fidan never received a termination notice which made it extremely difficult for Plaintiff Fidan to apply for unemployment.

103.   Defendants terminated Plaintiff Fidan's employment in retaliation for his complaints of, and opposition to, Defendants' unlawful pay scheme.

104.   For the duration of his employment with Defendants, Defendants failed to pay Plaintiff Fidan the applicable minimum wage rate in accordance with the FLSA and NYLL.

105.   For the duration of his employment with Defendants, Plaintiff Fidan regularly worked more than 40 hours per week but was not paid overtime pay at one-and-one-half times the applicable rate by Defendants.

106.   For the duration of his employment with Defendants, Plaintiff Fidan regularly worked more than 10 hours in a day but was not paid spread-of-hours pay.

107.   Defendants failed to keep accurate records of wages earned or hours worked by the Plaintiff Fidan.

108.   For the duration of his employment with Defendants, Defendants did not provide Plaintiff Fidan with a wage notice setting forth his rate of pay and basis thereof, exempt status, overtime rate, method of compensation, regular payday, names of their employers (including fictitious names), addresses and phone numbers for their employers' main offices or principal locations, or any allowances taken.

109.   For the duration of his employment with Defendants, Defendants failed to furnish Plaintiff Fidan with an accurate and complete wage statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

**Plaintiff Karagoz's allegations**

110.   Plaintiff Karagoz was employed by the Defendants as a non-exempt employee from approximately September 2018 to September 2021.

111.   From approximately September 2018 to September 2021, Plaintiff Karagoz worked for Defendant Black Sea Fish and Grill located at 95-36 Queens Boulevard Rego Park, NY 11374, as a waitress.

112.   In her capacity as a waitress, Plaintiff Karagoz's duties and responsibilities included, but were not limited to: taking food and drink orders, serving food, preparing and serving alcoholic drinks, cleaning the bar area, restocking bar supplies from the basement, processing customer payment, and bussing and cleaning tables.

113.   For the duration of her employment with Defendants, Plaintiff Karagoz reported to Defendant Cabuk and Defendant Gulu.

114.   That at all times herein relevant, Plaintiff Karagoz usually worked from Wednesday to Sunday, having Monday and Tuesday off.

115.    That at all times herein relevant, Plaintiff Karagoz was not given a lunch break and was not given any paid sick days.

116.    That at all times herein relevant, Plaintiff Karagoz worked from 11:00 a.m. to anywhere from 11:00 p.m. to 2:00 a.m. (depending on the time the last customer left the restaurant).

117.    That at all times herein relevant, Plaintiff Karagoz worked at minimum five (5) days per week, and occasionally six days per week.

118.    That at all times herein relevant, Plaintiff Karagoz worked approximately 65 to 70 hours per week.

119.    That at all times herein relevant, Plaintiff Karagoz was paid in cash.

120.    From the commencement of her employment until approximately May 2020, Plaintiff Karagoz was paid $12.00 per hour, without tips.

121.    That at all times herein relevant, Plaintiff Karagoz's tips were taken by the owners.

122.    From the commencement of her employment until approximately May 2020, Plaintiff Karagoz complained about not being paid her tips and complained about not being paid overtime.

123.    That at all times herein relevant, Plaintiff Karagoz's earned tips were shared with the other employees, including but not limited to, busboys and other waiters.

124.    Upon information and belief, Defendants paid other employees with the tips Plaintiff Karagoz earned.

125.     At all times relevant to this action, Defendants Gulu and Cabuk were the owners and managers of Defendant Black Sea Fish and Grill and were thus ineligible to participate in a tip pool.

126.     Defendant Black Sea Fish and Grill's policy and practice of retaining a portion of the tips earned by servers and bartenders applied not only to Plaintiff, but to the FLSA Collective and Rule 23 Class, as well.

127.     Defendants never notified Plaintiff of their intention to take a tip credit against her wages.

128.     Defendants continued to pressure Plaintiff into accepting the nominal pay, only paying with tips, with threats of deportation.

129.     On June 26, 2020 and June 27, 2020, Plaintiff Karagoz was requested to set up Defendant Black Sea Fish and Grill's restaurant operating system at Defendants' Brooklyn location.

130.     On June 26, 2020 and June 27, 2020, Plaintiff Karagoz worked as a waiter for the Defendants for two days.

131.     That on the aforementioned dates, Plaintiff Karagoz was paid $400 for the two days of work.

132.     From May 2020 through July 2020, Plaintiff Karagoz job duties changed to answering phones and taking orders from customers.

133.     That at all times herein relevant, Plaintiff Karagoz worked from 11:00 a.m. to 10:30 p.m.

134.     From May 2020 to July 2020, Plaintiff Karagoz only earned $100 per day and was only allowed to keep a small percentage of her tips.

135.    On or about July 2020, Plaintiff Karagoz resumed her duties a waitress for the Defendants once again when Defendants opened outdoor dining for customers.

136.    That at all times herein relevant, Plaintiff Karagoz worked from 11:00 a.m. to 11:00 p.m. or 2:00 a.m. (depending on the time the last customer left the restaurant).

137.    That at all times herein relevant, Plaintiff Karagoz worked five (5) days per week, having Monday and Tuesday off.

138.    That at all times herein relevant, Defendants told Plaintiff Karagoz that she could only get paid hourly pay or get paid by tips but not both.

139.    Thereafter, Plaintiff Karagoz was paid solely in tips.

140.    Defendants promised to pay Plaintiff Karagoz $1,000.00 per week from her tips. If Plaintiff Karagoz's did not receive $1,000.00 in tips for the week, Defendants would pay the difference, so Plaintiff Karagoz would net $1,000.00 each week.

141.    That at all times herein, Plaintiff Karagoz complained about her unpaid wages.

142.    On or about Sunday, September 12, 2021, Plaintiff Karagoz complained about her wages again.

143.    Upon complaining about her wages, the Defendants retaliated against Plaintiff Karagoz by telling her to take 15 days off and to not arrive for her scheduled shifts.

144.    Defendants also retaliated against Plaintiff Karagoz by accusing her of stealing from the register, which was untrue.

145.    Defendants then told Plaintiff Karagoz that she was only allowed to work two or three days a week, with the option of working in the Brooklyn location.

146.    In response, Plaintiff requested her prior full-time work schedule.

147.    Defendants denied this request and terminated Plaintiff Karagoz.

148. Plaintiff Karagoz was terminated effective September 12, 2021.

149. Defendants terminated Plaintiff Karagoz employment in retaliation for her complaints of and opposition to Defendants' unlawful pay scheme.

150. For the duration of her employment with Defendants, Defendants failed to pay Plaintiff Karagoz the applicable minimum wage rate in accordance with the FLSA and NYLL.

151. For the duration of her employment with Defendants, Plaintiff Karagoz regularly worked more than 40 hours per week but was not paid overtime pay at one-and-one-half times the applicable rate by Defendants.

152. For the duration of her employment with Defendants, Plaintiff Karagoz regularly worked more than 10 hours in a day but was not paid spread-of-hours pay.

153. Defendants failed to keep accurate records of wages earned or hours worked by the Plaintiff Karagoz.

154. For the duration of her employment with Defendants, Defendants did not provide Plaintiff Karagoz with a wage notice setting forth her rate of pay and basis thereof, exempt status, overtime rate, method of compensation, regular payday, names of their employers (including fictitious names), addresses and phone numbers for their employers' main offices or principal locations, or any allowances taken.

155. For the duration of her employment with Defendants, Defendants failed to furnish Plaintiff Karagoz with an accurate and complete wage statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Minimum Wage
### (On Behalf of the Plaintiffs and the FLSA Collective)

156.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

157.    Defendants were required to pay the Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

158.    Defendants failed to pay the Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

159.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Collective.

160.    Defendants' violations of the FLSA described above have been willful and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

161.    As a result of Defendants' willful violations of the FLSA, the Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Minimum Wage
### (On Behalf of the Plaintiffs and the Rule 23 Class)

162.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

163.    Defendants failed to pay the Plaintiffs and the Rule 23 Class the minimum wage to which they are entitled under the NYLL.

164.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs and the Rule 23 Class minimum hourly wage.

165.    As a result of Defendants' willful violations of the NYLL, the Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wage, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime**
**(On Behalf of the Plaintiffs and the FLSA Collective)**

166.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

167.    Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a) and employed the Plaintiffs.

168.    Defendants were required to pay the Plaintiffs and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

169.    Defendants failed to pay the Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

170.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiffs and the FLSA Collective overtime wages.

171.    Defendants' violations of the FLSA described above have been willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

172.     As a result of Defendants' willful violations of the FLSA, the Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Overtime Wages**
**(On Behalf of the Plaintiffs and the Rule 23 Class)**

173.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

174.     Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay the Plaintiffs and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty (40) hours per week.

175.     Defendants failed to pay the Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

176.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs and the Rule 23 Class overtime wages.

177.     As a result of Defendants willful violations of the NYLL, the Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

### FIFTH CAUSE OF ACTION
**Fair Labor Standards Act – Unlawful Retention of Tips**
**(On Behalf of the Plaintiffs and the FLSA Collective)**

178.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

179.    29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

180.    Black Sea Fish and Grill was an "employer" of the Plaintiffs and the FLSA Collective under the meaning of the FLSA and therefore, was prohibited from participating in a tip pool or otherwise retaining tips earned by Defendants' employees.

181.    Notwithstanding this prohibition, Black Sea Fish and Grill retained tips earned by the Plaintiffs and the FLSA Collective.

182.    Defendants violated the FLSA by knowingly and intentionally allowing Black Sea Fish and Grill to retain tips earned by the Plaintiffs and the FLSA Collective.

183.    Defendants' violations of the FLSA described above have been willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

184.    As a result of Defendants' willful violations of the FLSA, the Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unlawfully retained tips, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Unlawful Retention of Tips**
**(On Behalf of the Plaintiffs and the Rule 23 Class)**

185.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

186.    Pursuant to N.Y. Comp. Code R. & Regs. Tit. 12 §§ 146-2.2 and 146-1.3, an employer may only take a tip credit towards an employee's basic minimum wage if the employer

notifies the employee of, inter alia, the intention to take the tip credit and the amount of the tip credit.

187.    NYLL § 196-d states, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

188.    Defendants never provided the Plaintiffs and the Rule 23 class with notice of their intent to take a tip credit.

189.    Defendant Black Sea Fish and Grill was an "employer" of the Plaintiffs and the Rule 23 Class under the meaning of the NYLL and therefore, was prohibited from participating in a tip pool or otherwise retaining tips earned by Defendants' employees.

190.    Notwithstanding this prohibition, Defendant Black Sea Fish and Grill retained tips earned by the Plaintiffs and the Rule 23 Class.

191.    Defendants violated the NYLL by knowingly and intentionally allowing Defendant Black Sea Fish and Grill to retain tips earned by the Plaintiffs and the Rule 23 Class.

192.    As a result of Defendants willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unlawfully retained tips, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Unpaid Spread-of-Hours
### (On Behalf of the Plaintiffs and the Rule 23 Class)

193.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

194.    Defendants have willfully failed to pay the Plaintiffs and the Rule 23 Class additional compensation of one hour's pay at the minimum hourly wage rate in all instances where the Plaintiffs and the Rule 23 Class worked either a split shift or more than 10 hours per day, in violation of NYLL §§ 650, et seq. and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12 §§, 137-1.7 (2010), 146-1.6 (2012).

195.    As a result of Defendants willful violations of the NYLL, the Plaintiffs and the Rule 23 Class are entitled to recover unpaid spread-of-hours compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to the NYLL.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Wage Notice and Wage Statement Violations**
**(On Behalf of the Plaintiffs and the Rule 23 Class)**

196.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

197.    NYLL § 195(1)(a) obligates every employer to: "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a

signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years."

198.  Defendants failed to provide the Plaintiffs and the Rule 23 Class with wage notices compliant with NYLL § 195(1) (a).

199.  Due to Defendants' violations of NYLL § 195(1), the Plaintiffs and the Rule 23 Class are each entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b)

200.  Defendants violated NYLL § 195(3) by failing to furnish the Plaintiffs and the Rule 23 Class with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

201.  Through their failure to provide the Plaintiffs and the Rule 23 Class with wage statements as required by the NYLL, Defendants have violated NYLL § 190, et seq. and the supporting New York State Department of Labor Regulations.

202.  Due to Defendants' violations of NYLL § 195(3), the Plaintiffs and the Rule 23 Class are each entitled to statutory penalties of $250.00 for each workweek that Defendants

failed to provide them with accurate wage statements, or a total of $5,000 each, plus reasonable

attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

## NINTH CAUSE OF ACTION
### Fair Labor Standards Act – Retaliation
### (On Behalf of the Plaintiffs)

203.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

204.    Plaintiffs were employees of Defendants within the meaning of the FLSA.

205.    Defendants were employers of the Plaintiffs within the meaning of the FLSA.

206.    29 U.S.C. § 215(a) (3) prohibits any person, "to discharge or in any other manner

discriminate against any employee because such employee has filed any complaint or instituted

or caused to be instituted any proceeding under or related to this chapter, or has testified or is

about to testify in any such proceeding, or has served or is about to serve on an industry

committee."

207.    While employed by Defendants, the Plaintiffs complained to Defendant about

Defendants' unlawful employment practices, including Defendants' failure to pay the Plaintiffs

the minimum wage.

208.    Plaintiff's complaints constitute protected activity under the FLSA.

209.    After and as a result of the Plaintiffs' complaints, Defendants terminated

Plaintiff's employment.

210.    A causal connection exists between the Plaintiffs' complaints of Defendants'

unlawful pay practices—including Defendants' failure to pay her the minimum wage—and

Defendants' termination of the Plaintiffs' employment.

211.    Defendants violated 29 U.S.C. § 215(a) (3) by terminating the Plaintiffs'

employment in retaliation for Plaintiff's complaints of Defendants' unlawful pay practices.

212.    Due to Defendants' violations of 29 U.S.C. § 215(a)(3), the Plaintiffs' are entitled to recover their lost wages and other compensatory damages, liquidated damages in an amount equal to their lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

### TENTH CAUSE OF ACTION
**New York Labor Law – Retaliation**
**(On Behalf of the Plaintiffs)**

213.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

214.    Plaintiffs' are employees of Defendants within the meaning of the NYLL.

215.    Defendants are employers of the Plaintiffs' within the meaning of the NYLL.

216.    NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

217.    While employed by the Defendants, the Plaintiffs' complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages, including Defendants' failure to pay the Plaintiffs' minimum wages.

218.    Plaintiffs' complaints to Defendants constitute protected activity under NYLL § 215.

219.    A causal connection exists between the Plaintiffs' complaints of improper pay practices and Defendants' decision to terminate Plaintiff's employment.

220.    Defendants violated NYLL § 215 by retaliating against the Plaintiffs' by terminating her employment due to her complaints about Defendants' unlawful pay practices, policies and procedures, including Defendants' failure to pay her minimum wage.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of the FLSA Collective and

Rule 23 Class, respectfully request that this Court grant the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees and appointing the Plaintiffs and their counsel to represent the FLSA Collective.  Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

B. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing the Plaintiffs and their counsel to represent the class;

C. Issuing an order tolling the statute of limitations;

D. Issuing a declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

E. Declaring that Defendants have violated the minimum wage provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

F. Declaring that Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

G. Declaring that Defendants violated the provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations prohibiting employer retention of tips;

H. Declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

I. Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

J. Declaring that Defendants terminated Plaintiff's employment due to their complaints of, and opposition to, Defendants' unlawful pay practices, policies and procedures, including Defendants' failure to pay the Plaintiffs minimum wages, and awarding the Plaintiffs a recovery for damages sustained;

K. Enjoining future violations of the FLSA and NYLL by Defendants;

L. Declaring that Defendants' violations of the FLSA and NYLL were willful;

M. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid minimum wages;

N. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

O. Awarding Plaintiff, the FLSA Collective and the Rule 23 Class compensation for unlawfully retained tips;

P. Awarding the Plaintiffs and the Rule 23 Class unpaid spread-of hours compensation;

Q. Awarding the Plaintiffs and the Rule 23 Class statutory penalties for Defendants failure to furnish wage notices and/or pay statements pursuant to the NYLL;

R. Awarding the Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

S. Awarding the Plaintiffs compensatory damages, pursuant to the FLSA and/or NYLL, retroactive to the date of their termination, for all lost wages and benefits sustained as a result of Defendants' retaliatory conduct after and as a result of Plaintiff's complaints of and/or opposition to Defendants' unlawful pay practices;

T. Awarding the Plaintiffs liquidated and/or punitive damages pursuant to the FLSA and/or NYLL due to Defendants' violations of those statutes as a result of Defendants' retaliatory conduct after and as a result of Plaintiff's complaints of and/or opposition to Defendants' unlawful pay practices;

U. Awarding the Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorney's fees, costs, and expenses of the action under the FLSA and NYLL; and,

V. Awarding the Plaintiffs, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and NYLL; and

W. Awarding such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury.

Dated: April 20, 2022
       New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman
Zafer A. Akin
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com
zafer@akinlaws.com

*Counsel for Plaintiffs, FLSA Collective
Plaintiffs and the Class*