**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 12, 2022

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Eric N. Vitaliano, U.S.D.J.
225 Cadman Plaza East
Courtroom 4C South
Brooklyn, NY 11201-1804

      Re:    Fidan, *et ano.* v. Istanbul Rego Park Inc., *et al.*
             Case No.: 1:22-cv-2252 (ENV) (SJB)
             MLLG File No.: 101-2022

Dear Judge Vitaliano:

This office represents the Defendants in the above-referenced case. Defendants write – pursuant to ¶ III(A) of this Court's Individual Motion Practice and Rules ("Individual Rules") and the Hon. Sanket J. Bulsara, U.S.M.J.'s July 29, 2022 Order – to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

**Relevant Background**

On April 20, 2022, Plaintiffs Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") (Fidan and Karagoz collectively hereinafter the "Plaintiffs") filed the instant lawsuit. See ECF Docket Entry 1. Defendants appeared by counsel on July 28, 2022 and requested an extension of time until today to respond to the complaint. See ECF Docket Entries 5-6; see also Text Only Order dated July 29, 2022. Defendants timely respond to the complaint by and through this letter motion. See ¶ III(A) of the Individual Rules.

**This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim**

Plaintiffs allege that they were paid either a weekly salary of $600.00 to $700.00 per week or $12.00 per hour plus tips, respectively, and were not compensated for all hours worked, which they claim generally amounted to 65-75 hours per week. See Docket Entry 1 at ¶¶ 76-78, 82-84, 89, 114-120. They also claim, without any factual details in support, that they were not paid overtime for hours worked in excess of forty (40) hours per week. See, generally, Id.

He similarly conclusorily alleges that he was not paid "spread of hours" premium on days when his workdays lasted longer than ten (10) hours a day, but fails to identify a single day that he worked more than ten (10) hours. Id. at ¶¶ 106, 152. Karagoz also complains that her tips were taken. Id. at ¶¶ 121-51.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiffs fail to remotely meet the plausibility standard required to state a claim for their wage-and-hour causes of action.  They both fail to identify a *single week* in which either worked and were not paid at least the minimum wage or any overtime wages.  Accordingly, their wage-and-hour claims must be dismissed for failure to state a claim.

Accordingly, Defendants' letter motion for a pre-motion conference should be granted with a briefing schedule to be discussed therein.  Defendants thank this Court for its time, attention, and continued courtesies in this case.

Dated: Lake Success, New York
August 12, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Akin Law Group PLLC
Attn: Messrs. Robert D. Salaman & Zafer Akin, Esqs.
45 Broadway, Suite 1420
New York, NY 10006-3007
rob@akinlaws.com
zafer@akinlaws.com

*Attorneys for Plaintiffs*