# AKIN LAW GROUP PLLC
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

September 6, 2022

**Via ECF**

The Honorable Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4C South
Brooklyn, NY 11201

        **Re:**    *Fidan & Karagoz v. Istanbul Rego Park Inc., et al.*
               Case No. 22-CV-2252 (ENV) (SJB)
               **Plaintiffs' Response to Defendants' Letter Motion for a**
               **Pre-Motion Conference**

Dear Judge Vitaliano:

      This firm represents Plaintiffs Fidan and Karagoz (collectively, "Plaintiffs") in the above-referenced matter. On August 12, 2022, Defendants filed a letter motion for a pre-motion conference regarding their anticipated motion to dismiss for failure to state a claim upon which relief can be granted (ECF Doc. No. 8). On August 22, 2022, Judge Bulsara referred the case to mediation and ordered Plaintiffs to respond to Defendants' letter motion no later than September 12, 2022 (ECF Doc. No. 9). Plaintiffs now respond to Defendants' letter motion for a pre-motion conference.

      In their letter motion, Defendants state that "Plaintiffs fail to remotely meet the plausibility standard required to state a claim for their wage-and-hour causes of action. They both fail to identify a *single week* in which either worked and were not paid at least the minimum wage or any overtime wages." To the contrary, Plaintiffs more than sufficiently pled their wage and hour claims in the Complaint. Plaintiffs specifically allege that they were not paid overtime and spread of hours each and every week *for the duration of their employment*. ¶105-106, 151-152.

      Additionally, Plaintiffs' allegations do not merely state that they regularly worked over 40 hours per week, as Defendants' erroneously claim. Instead, Plaintiffs set forth their specific schedule and hours worked on a weekly basis. For instance, Plaintiff Fidan asserted, "At the Brooklyn location, Plaintiff Fidan worked six (6) days per week. …At the Brooklyn location, Plaintiff Fidan worked from 11:30 a.m. to 1:00 a.m. or 2:00 a.m. (depending on the time the last customer left the restaurant) …. **That at all times herein relevant, Plaintiff Fidan worked approximately 65 to 75 hours per week."** ¶74-76 (emphasis added). "From approximately July 2020 to January 2022, Defendant transferred Plaintiff Fidan to another restaurant with the same name, Black Sea Fish and Grill, located at 95-36 Queens Boulevard Rego Park, NY 11374…. That at all times herein relevant, following this transfer, Plaintiff Fidan had the same position, as dish washer and the same schedule set by the Defendants." ¶80-81.

Similar to Plaintiff Fidan, Plaintiff Karagoz also specifically alleged her schedule and hours worked. Specifically, Plaintiff Karagoz alleged, "That at all times herein relevant, Plaintiff Karagoz worked from 11:00 a.m. to anywhere from 11:00 p.m. to 2:00 a.m. (depending on the time the last customer left the restaurant). That at all times herein relevant, Plaintiff Karagoz worked at minimum five (5) days per week, and occasionally six days per week. **That at all times herein relevant, Plaintiff Karagoz worked approximately 65 to 70 hours per week.** ¶116 – 118 (emphasis added).

The Court's reasoning in *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168-71 (E.D.N.Y. 2018) is particularly instructive to this case. The Kuck court held that the plaintiffs stated an FLSA claim by setting "forth a specific range of time that the Plaintiffs worked above the 40-hour threshold every week" as opposed to "merely claiming that they 'occasionally,' 'typically,' or regularly' worked more than 40 hours in some weeks."). There, the Court discussed a trio of cases ("the *Lundy-Nakahata-Dejesus* triumvirate") which the Second Circuit decided in 2013 that set out the degree of specificity an FLSA plaintiff is required to plead to state a claim for unpaid overtime. The Court found that plaintiffs' allegations that they worked 50-55 hours during every single week of their employment, "clearly satisfy the Second Circuit's edict that a complaint contain specificity as to uncompensated hours worked during a particular week." *Id.* at 168 (collecting cases). *Anoop M. Tolani v. Carl C. Burnett Funeral Home, Inc.*, No. 20-CV-2169 (JS)(JMW), 2022 U.S. Dist. LEXIS 142024, at *38-39 (E.D.N.Y. Aug. 9, 2022).

Here, Plaintiffs alleged that they worked at least 65 hours per week for the duration of their employment (each and every week). As such, the Plaintiffs have more than sufficiently met the plausibility standard required to state a claim for their wage-and-hour causes of action.

For those reasons, Defendants cannot prevail on their anticipated motion to dismiss, and Plaintiff respectfully urges the Court to DENY Defendants' letter motion for a pre-motion conference. We thank the Court for its time and attention to this matter.

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs*

cc:    Emanuel Kataev
       *Counsel for Defendants*