# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400    Fax.  (212) 825-1440

**Via ECF**

United States District Court
Eastern District of New York
Honorable Eric N. Vitaliano
225 Cadman Plaza East
Courtroom 4C South
Brooklyn, NY 11201

> **Re:**  ***Fidan, et al. v. Istanbul Rego Park Inc., et al.***
> Case No. 22-CV-2252 (ENV) (SJB)

Dear Judge Vitaliano:

Our office represents Plaintiffs Ali Fidan and Ece Karagoz (collectively, "Plaintiffs") in the above-referenced matter.  Plaintiffs respectfully submit this letter in Opposition to Defendants' January 5, 2023 letter (ECF Doc. No. 14) requesting that the entire case be stayed due to the Corporate Defendant Istanbul Rego Park Inc. ("Corporate Defendant") filing for Chapter 11 bankruptcy.  Plaintiffs' urge the Court to deny the stay request in its entirety; or, in the alternative, deny the stay as to Individual Defendants Ali Gulu, Yasin Cabuk, Yuri Doe and Yujin Doe (collectively, "Individual Defendants").

### A. The Automatic Stay Should be Lifted as to all Defendants Because Defendants' FLSA and NYLL Violations Are Non-Dischargeable Debts

Pursuant to 11 U.S.C. § 523(a)(6), debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable in bankruptcy. Under § 523(a)(6), to avoid discharge of the debt in bankruptcy, the indebted party must show: 1) the debtor acted "willfully"; 2) the debtor acted "maliciously", and 3) the debtor suffered injury. *Cocoletzi v. Orly (In re Orly)*, Case No. 15-11650 (JLG), at \*15-16 (Bankr. S.D.N.Y. Aug. 10, 2016); see also *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 70, 2006 U.S. App. LEXIS 14338, \*10, Bankr. L. Rep. (CCH) P80,632, 46 Bankr. Ct. Dec. 178.

Addressing the first prong in the § 523(a)(6) analysis, the Court held, "An act is willful when the debtor intends to inflict the injury or knew that the injury was substantially certain to result." *Citik Ka Wah Bank Ltd. v Wong (In re Wong)*, 291 B.R. 266, 280, 2003 Bankr. LEXIS 311, \*29; see also *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 88, 1996 U.S. App. LEXIS 22498, \*14, Bankr. L. Rep. (CCH) P77,093, 29 Bankr. Ct. Dec. 811.  In the instant matter, Defendants' conduct, as set forth in Plaintiffs' Complaint ("Complaint"), reflects Defendants' intent to injure Plaintiffs.  Defendants' knowingly and intentionally violated the FLSA and NYLL by failing to pay Plaintiffs the minimum wage, overtime, and spread-of-hours pay, causing Plaintiffs to suffer significant financial harm.  As further set forth in the Complaint, Defendants

had the capacity to pay Plaintiffs' properly— the Corporate Defendant location is alleged to exceed $500,000 in revenue per year—Defendants elected to underpay Plaintiffs.

With respect to determining maliciousness, the Court held:

> Notwithstanding a profit motive being present, that court held that "conduct which is certain or almost certain to cause financial harm to the creditor in addition to the debtor's knowledge that he or she is violating the creditors legal rights, when taken together, is sufficient to establish a claim under section 523(a)(6)." Id. (alterations and quotation marks omitted) (quoting *Johnson v. Logue* (*In re Logue*), 294 B.R. at 63 (B.A.P. 8th Cir. 2003).

*In re Orly*, supra.

Further, the Court has recognized the significance of the obligation of an employer to pay his or her employees' wages, above other debts. *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207, 2001 U.S. App. LEXIS 850, *14, 6 Wage & Hour Cas. 2d (BNA) 1192, Bankr. L. Rep. (CCH) P78,347, 37 Bankr. Ct. Dec. 84, 2001 Cal. Daily Op. Service 626, 2001 Daily Journal DAR 823. As pled in the instant Complaint, Defendants failed to furnish wage notices or paystubs to Plaintiffs. When Plaintiffs exposed Defendants and complained of their unlawful business practices, Defendants retaliated against them causing their constructive termination.

Plaintiffs unquestionably satisfy the third prong of the § 523(a)(6) analysis. As a result of Defendants' failure to pay Plaintiffs the minimum wage, overtime and spread of hours pay in violation of the NYLL and FLSA, Plaintiffs have suffered actual financial harm. Plaintiffs' Complaint specifically sets forth the hours Plaintiffs worked, the wages Defendants paid to Plaintiffs, and the deficiency of the wages Defendants paid to Plaintiffs as a matter of law.

The debts Defendants incurred as a result of failing to pay Plaintiffs proper wages (along with the other NYLL and FLSA violations enumerated in the Complaint) are not dischargeable in bankruptcy. Because, as set forth above, Defendants' FLSA and NYLL violations are non-dischargeable, there is no basis for continuing the automatic stay pending the Corporate Defendants' bankruptcy proceedings.

### B. There is no Basis for Staying the Proceeding as to the Individual Defendants

Defense counsel's argument for staying this case as to the individual Defendants is entirely unavailing. It is a fundamental tenant of both the FLSA and NYLL that individual employers are jointly and severally liable with other individual employers and corporation employers for violations of the respective statutes. *Khurana v. JMP USA, Inc.*, 2017 U.S. Dist. LEXIS 52063, *11, 2017 WL 1251102, see also *Coley v. Vannguard Urban Improvement Ass'n*, 2018 U.S. Dist. LEXIS 50787, *19, 2018 WL 1513628. Once a Court determines the status of an individual or corporation as an employer—broadly defined under both the FLSA and NYLL—no additional analysis is necessary to establish the joint and several liability of the employers for FLSA and NYLL violations. *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 190, 2003 U.S. Dist. LEXIS 985, *15.

Despite each individual Defendant's indisputable liability for the FLSA and NYLL violations alleged, upon information and belief, none of the individual Defendants filed for bankruptcy protection.  Defendants are attempting to use the Corporate Defendants as a shield for their own personal liability, delaying this litigation for no legitimate purpose.  The outcome of the Corporate Defendants' bankruptcy proceedings has no effect on the liability of the individual Defendants, and permitting the individual Defendants to enjoy the protection of the Corporate entities' bankruptcies is unsupported by law.  Furthermore, while the individual Defendants apparently have not applied for bankruptcy protection, the analysis set forth in paragraph "A" above would apply in the event the individual Defendants did file for bankruptcy.

As such, we respectfully request that the Court DENY Defendants' request that the entire case be stayed; or, in the alternative, DENY Defendants' request for a stay as to the Individual Defendants.

We thank the Court for its attention to this matter.

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Attorneys for Plaintiff*

cc:  Emanuel Kataev (via ECF)
Attorneys for Defendants

3