UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALI FIDAN and ECE KARAGOZ,

**Case No.:** 1:22-cv-2252 (ENV) (SJB)

Plaintiffs,

-against-

ISTANBUL REGO PARK INC. d/b/a BLACK SEA
FISH AND GRILL, ALI GULU, YASIN CABUK,
YURI DOE, and YUJIN DOE,

Defendants.
------------------------------------------------------------------X

<u>**DEFENDANTS' MEMORANDUM OF LAW**</u>
<u>**IN SUPPORT OF THEIR MOTION TO DISMISS**</u>

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**................................................................................................1

**STANDARD OF REVIEW**......................................................................................................2

**FACTS**......................................................................................................................................3

**ARGUMENT**............................................................................................................................4

    I.    THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE A CLAIM............4

    II.   DEFENDANTS RICHARD MANDARINO AND JOHN MANDARINO DID NOT EMPLOY PLAINTIFF…………………………………………………….……8

    III.  PLAINTIFF MUST BE DENIED LEAVE TO AMEND THE COMPLAINT……..11

    IV. ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS……………………………………………………………………..…..12

**CONCLUSION**......................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

Anschutz Corp. v. Merrill Lynch & Co.,
    690 F.3d 98 (2d Cir. 2012)...................................................................................................... 2

Apolinar v. R.J. 49 Rest., LLC,
    2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016).................................................... 9

ASARCO LLC v. Goodwin,
    756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014) ............................ 2

Ashcroft v. Iqbal,
    556 U.S. 662, 678 (2009).................................................................................................. 2, 7

Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A.,
    849 Fed. Appx. 289, 296 (2d Cir. 2021)........................................................................... 11

Barfield v. New York City Health & Hosps. Corp.,
    537 F.3d 132, 142 (2d Cir. 2008)........................................................................................ 8

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 555 (2007)............................................................................................ 2, 7, 10

Boggs v. Die Fliedermaus, LLP,
    2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004) ......................................... 13

Burke v. New York City Tr. Auth.,
    758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020)...................... 5

Cain v. Mercy Coll.,
    2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022).................................... 12

Cannon v. Douglas Elliman, LLC,
    2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Decl. 10, 2007) ...................................... 9

Chambers v. Time Warner, Inc.,
    282 F.3d 147, 152-53 (2d Cir. 2002) .................................................................................. 2

City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,
    752 F.3d 173, 188 (2d Cir. 2014)...................................................................................... 12

Columbus Ale House, Inc. v. Cuomo,
    495 F. Supp.3d 88, 95-95 (E.D.N.Y. 2020) ..................................................................... 11

Davis v. Ching Yi Cheng,
  2017 U.S. Dist. LEXIS 212738, *19-21 (E.D.N.Y. Decl. 28, 2017) ............................... 10

DeJesus v. HF Mgt. Services, LLC,
  726 F.3d 85, 88 (2d Cir. 2013) .............................................................................. 6, 7, 8

Fernandez v. Zoni Language Centers, Inc.,
  858 F.3d 45, 48 (2d Cir. 2017) ......................................................................................... 4

Gebhardt v. Allspect, Inc.,
  96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) ....................................................................... 2

Gisomme v. HealthEx Corp.,
  2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) ....................................... 5

Glatt v. Fox Searchlight Pictures, Inc.,
  811 F.3d 528, 533 (2d Cir. 2015) ..................................................................................... 4

Herman v. RSR Sec. Servs. Ltd.,
  172 F.3d 132, 139 (2d Cir. 1999) ..................................................................................... 9

Irizarry v. Catsimatidis,
  722 F.3d 99, 104 (2d Cir. 2013) ....................................................................................... 8

Kolari v. New York-Presbyterian Hosp.,
  455 F.3d 118, 122 (2d Cir. 2006) ................................................................................... 12

Lundy v. Catholic Health Sys. of Long Island Inc.,
  711 F.3d 106, 114 (2d Cir. 2013) ........................................................................ 5, 6, 7, 8

Manway Constr. Co. v. Hous. Auth. of City of Hartford,
  711 F.2d 501, 503 (2d Cir. 1983) ................................................................................... 13

Marcial v. New Hudson Family Rest., Inc.,
  2019 U.S. Dist. LEXIS 71682, at *18 (S.D.N.Y. Apr. 29, 2019) ...................................... 7

Nakahata v. New York–Presbyterian Healthcare Sys.,
  723 F.3d 192, 201 (2d Cir. 2013) ........................................................................ 5, 6, 7, 8

Paleja v. KP NY Operations LLC,
  2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) .................................. 6, 7, 8

Porat v. Lincoln Towers Cmty. Ass'n,
  464 F.3d 274, 276 (2d Cir. 2006) ................................................................................... 12

Rosa v. Dhillon,
    2020 U.S. Dist. LEXIS 234635 at *8 (E.D.N.Y. Decl. 14, 2020) ..................... 5

Rothenberg v. Daus,
    2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015) ................ 12

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236, 240 (2d Cir. 2002) .................................................................. 2

Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield,
    6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ....................................................... 12

TechnoMarine SA v. Giftports, Inc.,
    758 F.3d 493, 505 (2d Cir. 2014) ................................................................. 11

Tracy v. NVR, Inc.,
    667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) .................................................. 9

Wolman v. Catholic Health Sys. of Long Island, Inc.,
    853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ................................................... 9

Xue Lian Lin v. Comprehensive Health Mgmt., Inc.,
    2009 U.S. Dist. LEXIS 29779, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) ............. 9

**Statutes**

12 NYCRR § 142–2.2 (2011) ................................................................................ 4

28 U.S.C. 1367 ....................................................................................................... 12

29 U.S.C. § 203(d) ................................................................................................. 8

29 U.S.C. § 203(g) ................................................................................................. 8

29 U.S.C. § 206(a)(1)(C) ........................................................................................ 5

29 U.S.C. §§ 206–207 ............................................................................................ 4

**Rules**

Rule 12(b)(6) .......................................................................................................... 2

## **PRELIMINARY STATEMENT**

Despite being placed on notice, Plaintiffs Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") (Fidan and Karagoz collectively hereinafter "Plaintiffs") have failed to meet the long known and well-established pleading standard to state a claim pursuant to either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

Preliminarily, Karagoz's allegations that she received $10.00 per hour (plus tips) for every hour worked fails to state a claim for a minimum wage violation under the FLSA.

Moreover, Plaintiffs have failed to state a claim for overtime wage violations under the FLSA and/or the NYLL. Plaintiffs' allegations that they each regularly worked in excess of forty (40) hours per week is insufficient without any supporting factual context, such as how many hours either Fidan or Karagoz worked in a given week or how much Plaintiffs was actually paid during that week compared to what either of them is entitled to. Although Plaintiffs allege in the Complaint that they generally worked 65 to 70 hours and were generally paid a given amount every week or a particular hourly wage, this type of generalized and conclusory pleading fails to state a claim upon which relief can be granted. As such, the complaint must be dismissed.

Finally, the Individual Defendants did not employ Plaintiffs, and the conclusory allegations in the Complaint with respect to the "employer" status of these individual defendants are insufficient to state a claim under the economic realities test. Therefore, dismissal of all claims against each individual defendant is warranted.

Defendants thus respectfully submit this motion to dismiss should be granted on the ground that the Plaintiff's claims under the FLSA and NYLL fail to state a claim for relief, with leave to replead denied. Alternatively, the federal claims must be dismissed and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## **STANDARD OF REVIEW**

To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S.at 678. Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to overcome a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555. While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

The Complaint in this case falls woefully short of properly pleading Plaintiffs' claims.

As a result, the Complaint must be dismissed.

## FACTS

On April 20, 2022, Plaintiffs filed the instant lawsuit. See Docket Entry 1. The complaint asserts causes of action under: (i) the FLSA for unpaid minimum wages; (ii) the NYLL for unpaid minimum wages; (iii) the FLSA for unpaid overtime wages; (iv) the NYLL for unpaid overtime wages; (v) the FLSA for alleged unlawful retention of tips; (vi) the NYLL for alleged unlawful retention of tips; (vii) the NYLL for spread of hours compensation; (viii) failure to furnish wage notices and alleged wage statement violations; (ix) the FLSA for retaliation; and (x) the NYLL for retaliation. See Docket Entry 1 at ¶¶ 156-220.

In the Complaint, Fidan alleges, in relevant part, that he was paid anywhere from $600.00 to $700.00 per week and was not compensated for all hours worked. See Id. at ¶¶ 78, 82, 84. He also claims, without any supporting factual details, that he was not paid overtime for hours worked in excess of forty (40) hours per week, and that he worked approximately 65 to 75 hours per week. Id. at ¶¶ 75-76, 79, 83, 87-89, and 105.[1] Curiously, while Fidan alleges that he worked from 11:30 AM to 1:00 AM or 2:00 AM at one location and from 11:30 AM to 11:00 PM or 2:00 AM at another, these hours would total 69 hours on the low end from 11:30 AM to 11:00 PM and up to 87 hours on the high end from 11:30 AM to 2:00 PM. Id.

Similarly, Karagoz alleges that she was paid $12.00 per hour at one point, then $100.00 per day at another point, then $1,000.00 per week at another time. Id. at ¶¶ 120, 134, and 140.

---

[1] Fidan altogether fails to identify a single week in which he worked a set amount of hours and received a set amount of pay which would establish whether or not he was properly paid, which is required under the pleading standards set forth by the Second Circuit nearly a decade ago. Jarringly, Plaintiff fails to make these requisite allegations despite the fact that he alleges he worked for Defendants from March 2020 through January 2022 (see Docket Entry 1 at ¶ 68), and filed his original complaint in April 2022, a short three (3) months later (see Id.).

Karagoz fails to allege how much she earned in any particular week, nor does she allege how many hours she worked in any particular week, opting instead to allege – like Fidan – that she was not paid overtime for hours worked in excess of forty (40) hours per week, and that she worked approximately 65 to 75 hours per week, without offering any factual details in support, and despite conceding that she worked one day less than Fidan.[2] Id. at ¶¶ 114, 116-118, 133, 136-137. Karagoz also alleges that a tip credit was not properly taken against her wages such that his wages paid were less than the full minimum wage, but fails to identify a single week in which he was paid less than the minimum wage. Id. at ¶¶ 127-28, 138-140.

Finally, Plaintiffs makes the conclusory allegation they were not paid a "spread of hours" premium on days when their workdays lasted longer than ten (10) hours a day, that Karagoz had tips taken from her (although alleging at the same time she was paid exclusively in tips with no wages, which is contradictory), and that they were retaliated against. See, generally, Id.

## ARGUMENT

### I.  THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE A CLAIM

The FLSA generally requires employers to pay "employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." See Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45, 48 (2d Cir. 2017) (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015) (citing 29 U.S.C. §§ 206–207)). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011).

---

[2] Similarly, Karagoz altogether fails to identify a single week in which she worked a set amount of hours and received a set amount of pay which would establish whether or not she was properly paid, which is required under the pleading standards set forth by the Second Circuit nearly a decade ago. Jarringly, Plaintiff fails to make these requisite allegations despite the fact that he alleges she worked for Defendants from September 2018 through September 2021 (see Docket Entry 1 at ¶ 110), and filed her complaint in April 2022, a short seven (7) months later (see Id.).

The minimum wage under federal law is $7.25 per hour, and the overtime rate is therefore $10.88 per hour. See 29 U.S.C. § 206(a)(1)(C).

As set forth below, Plaintiffs have altogether failed to state a plausible FLSA claim under both the minimum wage and overtime prongs.

  a. Karagoz's Minimum Wage Claims Must Be Dismissed

Regarding the minimum wage, Karagoz alleges that she was paid $12 per hour. See Docket Entry 1 at ¶ 120. This is clearly above the FLSA minimum wage of $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C). As such, Plaintiff has no minimum wage claim under the FLSA. See Rosa v. Dhillon, 2020 U.S. Dist. LEXIS 234635 at *8 (E.D.N.Y. Decl. 14, 2020) ("Because plaintiffs allege that their wages surpassed the federal minimum wage, plaintiffs cannot state a minimum wage claim under the FLSA. I therefore grant the motion to dismiss").

As such, Plaintiff has no minimum wage claim under the NYLL.

  b. Plaintiff's Overtime Claims Must Be Dismissed

Moreover, in order to state a claim for overtime wages under the FLSA and the NYLL, a plaintiff must allege "a single workweek in which [he] worked at least 40 hours and also worked *uncompensated* time in excess of 40 hours[.]" See Burke v. New York City Tr. Auth., 758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020) (emphasis added) (citing Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)) (dismissing both the FLSA and NYLL overtime claims for failure to provide length and frequency of alleged unpaid work); see also Gisomme v. HealthEx Corp., 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek").

5

Plaintiffs fails to meet this standard; they each fail to allege a single workweek where either worked over forty (40) hours and that there was uncompensated time in excess of forty (40) hours.

In Nakahata, the Second Circuit discussed Lundy and recounted how the plaintiff in Lundy pled the number of hours the plaintiffs were typically scheduled to work in a week and thus failed to state an FLSA overtime claim; on that same basis, the Court in Lundy dismissed the FLSA overtime claim. See 723 F.3d at 200-201. This is no different from the Complaint in the instant case, where Plaintiffs each allege that they generally worked a total of approximately 65 to 70 or 75 hours per week. See Docket Entry No. 1 at ¶¶ 89 and 118.

In DeJesus v. HF Mgt. Services, LLC, 726 F.3d 85, 88 (2d Cir. 2013), the Second Circuit, in dismissing the FLSA claim, held that an allegation that a plaintiff "regularly worked" more than forty (40) hours a week and was not properly compensated – similar to that alleged in the Second Amended Complaint here – was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." See 726 F.3d at 89. In the Complaint here, many of these "borderline phrases" are used, including, but not limited to: (i) "[Plaintiff] regularly worked more than 40 hours per week but was not paid overtime pay at one-and-one-half times the applicable rate by Defendants" (Docket Entry No. 1 at ¶¶ 105m 151); and (ii) Plaintiffs worked approximately 65 to 70 or 75 hours (Id. at ¶¶ 76, 118).

Recently, the Second Circuit held that a Complaint which alleged that a plaintiff "regularly worked in excess of 40 hours per week" and that in a "typical week" the plaintiff would work "approximately 70 [sic] hours", was insufficient to state an FLSA claim. See Paleja v. KP NY Operations LLC, 2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) (summary order).

6

In the case at bar, the Complaint should be analyzed in the same exact manner as that described above because it is no different, as can be readily seen from the Complaint's conclusory allegations as to the hours that Plaintiff "approximately" worked.

Indeed, the Complaint entirely fails to identify a single week in which either Plaintiff worked and was not paid at least the minimum wage or any overtime or spread of hours pay. This is not enough to plead a claim under the FLSA and the NYLL. See Lundy, Nakahata, DeJesus, and Paleja, *supra*.

Accordingly, Plaintiff's overtime claims under the FLSA and NYLL must be dismissed.

  c. Plaintiffs' Tip Misappropriation Claims Must Be Dismissed

Plaintiffs' claims for tip misappropriation must be dismissed for failure to state a claim upon which relief can be granted.

The relevant allegations only set forth conclusory assertions of fact that Defendants illegally misappropriated a portion of Plaintiff's tips, but does not provide an iota of the minimal factual information to support this claim, such as whether this alleged misappropriation occurred weekly, monthly or annually or whether Defendants engaged in serving customers. See Ashcroft v. Iqbal, 566 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, Plaintiffs' claims related to tips must be dismissed.

  d. Plaintiff's FLSA Collective Action and NYLL Class Claims Must Be Dismissed

To maintain a collective action, Plaintiff must establish a scheme that violates the FLSA.

As set forth *supra*, Plaintiffs may not conditionally certify a collective action because they each failed to establish any violation of the FLSA. See, e.g., Marcial v. New Hudson Family Rest., Inc., 2019 U.S. Dist. LEXIS 71682, at *18 (S.D.N.Y. Apr. 29, 2019) ("Plaintiffs cannot show that

7

they are entitled to conditional certification for their FLSA minimum wage claim" when they were paid above the federal minimum wage). Because Plaintiffs fail to allege a violation of the FLSA, they are not entitled to conditionally certify a collective action.

e. Conclusion

As such, like the complaint in Lundy, Nakahata, DeJesus and Paleja, the Plaintiff in this case fails to state a claim under the FLSA and the NYLL, and thus must suffer the same fate of dismissal.

## II. DEFENDANTS RICHARD MANDARINO AND JOHN MANDARINO DID NOT EMPLOY PLAINTIFF

The complaint must be dismissed against all individual Defendants.

An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute. See 29 U.S.C. § 203(d). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

"Employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. at 104. The relevant factors as to whether an employment relationship exists under the FLSA include "'whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. at 104-05 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)).

8

These factors are not exclusive and no one factor is dispositive. Id. at 105;³ see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (to determine whether a party qualifies as an "employer" under both the FLSA and NYLL's "generous definitions," the relevant inquiry is "whether the alleged employer possessed the power to control the workers in question … with an eye to the economic reality presented by the facts of each case."); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing FLSA claim against Human Resources officer because allegations presuming control based on that officer's job title did not sufficiently allege his control over plaintiff); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees."), aff'd in part, rev'd in part sub nom.

In Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the plaintiffs sued their boss's mother "using identical language that plaintiffs use with respect to the other individual defendants." Id. at *14. The Court dismissed the claims against the boss's mother since there were solely conclusory allegations regarding her duties "which merely plead the presence of the factors relevant to whether an individual is a joint employer – is insufficient to plausibly show that [she] was their employer for purposes of the FLSA." Id. at *14-15.

In the instant matter, Plaintiffs similarly make conclusory allegations in the Complaint with respect to the "employer" status of the individual defendants, which are insufficient to state a claim under the economic realities test and warrant dismissal.

---

³ The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009), citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007).

The boilerplate allegations simply state that the individual defendants: (1) had the power to hire and fire Plaintiffs and other employees; and (2) had the power to schedule Defendants' employees, including Plaintiffs.

But Plaintiff's "formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. Twombly, 550 U.S. at 555.

Plaintiffs do not allege that any individual Defendant *actually* asserted any of these aforementioned theoretical authorities over them so as to state a claim under the economic realities test. In other words, Plaintiffs do not allege that any individual Defendant *actually* hired or fired either Plaintiff, or set Plaintiffs' schedule.

Rather, Plaintiffs merely allege that one individual defendant once hired another employee after she was terminated and that two individual defendants were the people the plaintiff reported to. This is not enough to establish individual liability as an employer.

Moreover, while Plaintiff alleges that one individual defendant hired somebody after she had separated from employment, this had nothing to do with either Plaintiff so it is insufficient to state a claim under the economic realities test. See Davis v. Ching Yi Cheng, 2017 U.S. Dist. LEXIS 212738, **19-21 (E.D.N.Y. Decl. 28, 2017) (dismissing claims against all but one (1) individual defendant since there was "absolutely no evidence that any of the other co-defendants …, had anything to do with the Plaintiff's employment" including interviewing, hiring plaintiff or having anything to do with plaintiff's employment or wages).

Accordingly, all of Plaintiff's claims against the individual defendants must be dismissed.

10

### III. PLAINTIFF MUST BE DENIED LEAVE TO AMEND THE COMPLAINT

Leave to amend a pleading may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted).

Here, Plaintiff has been provided with an opportunity to remedy the above deficiencies in the pleading and has chosen to instead argue that the complaint is sufficiently pled. Plaintiff filed the original Complaint on September 9, 2020. See Docket Entry 1. Defendants then moved by letter motion for a pre-motion conference in anticipation of their motion to dismiss, This motion follows.

For Plaintiff to now receive yet another opportunity to amend is futile and will only cause undue prejudice to Defendants who continue to suffer due to the pandemic. See Columbus Ale House, Inc. v. Cuomo, 495 F. Supp.3d 88, 95-95 (E.D.N.Y. 2020) (Cogan, J.).

There, Judge Cogan held:

> New York City is in the middle of an economic crisis brought about by the pandemic. Much has been written about the falling real estate prices, vacant store fronts, fleeing residents, and the potential permanent or long-term demise of the entertainment and restaurant industries in New York

Id.

Further, because the pleading deficiencies complained of here were set forth in Defendants' pre-motion conference letter seeking to file a motion to dismiss the Complaint, they were not unforeseen such that leave should be granted once more to amend, given that it is indisputable that Plaintiff was placed on notice of these deficiencies and has failed to cure them. See Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A., 849 Fed. Appx. 289, 296 (2d Cir. 2021) ("And Banco Safra had ample opportunity to amend its complaint to cure the … deficiencies. It is

11

thus "unlikely that the deficiencies ... were unforeseen") (citing City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014)).

Moreover, a district court is not required to grant leave to amend when it grants a motion to dismiss based on pleading deficiencies, as the Court should do in the instant matter. See Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006); see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014).

Accordingly, granting leave to amend must be denied.

### IV. ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

The alleged jurisdictional basis over Plaintiff's state law claims against Defendants is supplemental jurisdiction, under 28 U.S.C. § 1367. See Docket Entry 1, at ¶ 6 However, since all of Plaintiff's FLSA claims should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims. See Cain v. Mercy Coll., 2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

Also, the Court can, and should, *sua sponte* decline to exercise supplemental jurisdiction. See, e.g., Rothenberg v. Daus, 2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015) ("plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law"), citing Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he Court *sua sponte*

12

declines to exercise supplemental jurisdiction over the remaining [state law] claims against [defendants]"), Boggs v. Die Fliedermaus, LLP, 2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004), Manway Constr. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

Here, the Court should decline to exercise supplemental jurisdiction and should instead dismiss the state claims in the Complaint.

## **CONCLUSION**

Defendants respectfully request that Plaintiff's Second Amended Complaint be dismissed.

Dated: Lake Success, New York
November 1, 2022

**MILMAN LABUDA LAW GROUP PLLC**

By: /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
netanel@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Akin Law Group PLLC
Attn: Messrs. Robert D. Salaman & Zafer Akin, Esqs.
45 Broadway, Suite 1420
New York, NY 10006-3007
rob@akinlaws.com
zafer@akinlaws.com

*Attorneys for Plaintiffs*