UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALI FIDAN and ECE KARAGOZ,

Plaintiffs,

-against-

ISTANBUL REGO PARK INC. d/b/a BLACK SEA FISH AND GRILL, ALI GULU, YASIN CABUK, YURI DOE, and YUJIN DOE,

Defendants.
---------------------------------------------------------------X

**Case No.:** 1:22-cv-2252 (ENV) (SJB)

**DEFENDANTS' REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

## PRELIMINARY STATEMENT

Plaintiffs Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") (Fidan and Karagoz collectively hereinafter "Plaintiffs") have failed to provide any basis to deny Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Defendants submit the instant reply memorandum of law in further support of their motion to dismiss their claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Plaintiffs first argue that their allegations of working more than forty (40) hours per week and more than ten (10) hours a day "for the duration of their employment" is sufficient. However, courts have routinely rejected these kind of allegations as sufficient.

Plaintiffs also argue that an apparent typo should serve to deny Defendants the relief they seek. However, stripped to its core, their argument is that Plaintiffs sufficiently pled that the individual Defendants in this case "possessed and/or exercised the power and authority to hire and fire … determine terms and conditions of Plaintiffs' employment." But this is not enough, as there is no factual material supporting their allegations. For instance, Plaintiffs could have pled that one or more of the individual Defendants actually hired one or both of the Plaintiffs in this case, or directed to one or both of the Plaintiffs the specific terms and conditions of their employment, i.e., lunch can only be taken during the typically non-busy hours in the restaurant. There are no such allegations here.

Defendants thus respectfully submit this motion to dismiss should be granted on the ground that the Plaintiff's claims under the FLSA and NYLL fail to state a claim for relief, with leave to replead denied.

Alternatively, the federal claims must be dismissed and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## ARGUMENT

### I. THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE A CLAIM

Plaintiffs argue that it is untrue that they failed to identify a single week in which they worked more than forty (40) hours and were not properly paid overtime because they allege that both Plaintiffs "clearly and unequivocally" allege that they "worked 65-70 hours during each work week of their respective employment tenures." But, again, these are "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," are "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." See Dejesus v HF Mgt. Services, LLC, 726 F.3d 85, 88 (2d Cir. 2013) (citing and quoting Pruell v. Caritas Christi, 678 F.3d 10, 13 (1st Cir. 2012)).

It bears repeating that the Second Circuit recently found that a complaint which alleged that a plaintiff "regularly worked in excess of 40 hours per week" and that in a "typical week" the plaintiff would work "*approximately 70 hours*" was insufficient to state an FLSA claim. See Paleja v. KP NY Operations LLC, 2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) (summary order). The Plaintiffs' allegations here – that each of the two Plaintiffs worked approximately 65-70 hours per week – are no different than the allegations in Paleja. Dismissal is therefore warranted.

Plaintiffs cite to a myriad of nearly decade old decisions in opposition, all of which are inapposite. For example, in Leon v. Port Washington Union Free Sch. Dist., the plaintiff alleges that she regularly worked forty hours per week, and provided sufficient estimates of how much *additional time she worked each week*—namely 1 ½ to 2 hours per week. See 49 F. Supp. 3d 353, 357 (E.D.N.Y. 2014) (allegations that school employee regularly worked 40 paid hours per week, that she worked *estimated 1 1/2 to 2 additional hours per week* *that were unpaid* sufficiently

alleged her overtime but uncompensated work, as required to state claim against school district under FLSA for unpaid overtime wages).

Similarly, in Di Simone v. CN Plumbing, Inc., the plaintiff there alleged that she performed off-the-clock work, and that she was never paid for this work nor for the time she spent traveling to and from a central office and various job sites. There are no such allegations of off-the-clock work here nor traveling. The word travel does not even appear in Plaintiffs' complaint. See No. 13-CV-5088, 2014 WL 1281728, at *1 (E.D.N.Y. Mar. 31, 2014).

Finally, in Kuck v. Planet Home Lending, LLC, the plaintiffs there alleged that they worked 50-55 hours during every single week of their employment, and that from August 3, 2013 through July 22, 2017, Kuck worked 10 hours each day, with a half hour meal break, six days a week *without receiving overtime compensation*, and that from October 13, 2014 through January 15, 2017, Juliano worked 11 hours a day, with a half hour meal break, each week, and one or two additional five-hour days per month *without receiving overtime compensation*. See 354 F. Supp. 3d 162, 168 (E.D.N.Y. 2018). Here, the complaint merely alleges that Plaintiffs generally worked the same amount of hours every single week and were given the same amount of pay every single week, but vaguely allege that they were entitled to "unpaid overtime and unpaid minimum wage." This is not enough to state a claim under the FLSA and NYLL.

As Judge Pohorelsky explained in Chime v. Peak Security Plus, Inc.:

> The most salient corollary from the Lundy–Nakahata–Dejesus triumvirate is that an FLSA plaintiff must provide a certain degree of specificity as to *uncompensated* hours worked *during a particular week*. This is reflected in the pivotal passages from each case. Lundy wrote that "a plaintiff must sufficiently allege 40 hours of work in a given workweek *as well as some uncompensated time in excess of the 40 hours*," 711 F.3d at 114, and Nakahata provided that "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief.... Plaintiffs must provide sufficient detail ... to support a

> reasonable inference that they worked more than forty hours in a given week." 723 F.3d at 201. Dejesus explained that the claims in Lundy failed "because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week," 726 F.3d at 88–89, and the Nakahata complaint was deficient in that it lacked "any allegation that Plaintiffs were scheduled to work forty hours in a given week." Id. at 89 (quoting Nakahata, 723 F.3d at 201).

See 37 F.Supp.3d 183 (E.D.N.Y. 2015) (emphasis added).

Plaintiffs argue that Defendants have "abandoned their right to dismiss" the minimum wage claims brought by Fidan. However, this is inaccurate, because – as set forth above – Plaintiffs failed to allege a single week in which Fidan was not paid more than the minimum wage.

Plaintiffs also argue that Karagoz was paid less than the minimum wage because she was paid only $100.00 per day for the period of May 2020 to July 2020. But this allegation is insufficient to conclude that Karagoz earned less than the minimum wage in any single week during that time period because Plaintiffs fail to identify a single week within that time period how many hours she worked and how much she was paid.

With respect to their tip misappropriation claims, Plaintiffs argue that such claims fall under both the NYLL and FLSA, but fail to cite a single case in support of this assertion. The fact is that tip misappropriation does not fall under the FLSA, as such a state law claim cannot form the basis for a collective action because it does not allege a federal claim. See Joshi v. Flagship S B Amsterdam NY, LLC, 17-CV-5785 (ALC) (SN), 2018 WL 1135566, at *2 (S.D.N.Y. Mar. 1, 2018) (citing Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 560–62 (S.D.N.Y. 2013) (declining conditional certification of FLSA collective on a tip-pooling misappropriation claim)).

## II. THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED

The complaint must be dismissed against all the individual Defendants because there are no factual allegations supporting that any individual Defendant is an employer under the law.

The only allegations Plaintiffs muster are that one of the individual Defendants – Ali Gulu – told Fidan he can find a job elsewhere after he allegedly complained about unpaid wages, and that Ali Guli ignored Fidan's request for ten days of unpaid wages. But the complaint is barren as to any facts about *who* was responsible for paying both of the Plaintiffs, and there is not a single allegation that Defendant Ali Gulu, for example, paid the Plaintiffs on a weekly basis. The complaint merely alleges that Plaintiffs "were paid in cash," for example, without stating which of the Defendants, if any, were responsible for doing so. This type of shotgun pleading – especially with four individual defendants named – cannot state a claim upon which relief can be granted.

In fact, courts routinely dismiss such claims against individual defendants. See Apolinar v. R.J. 49 Rest., LLC, No. 15-CIV.-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016); (dismissing claims in the absence of non-conclusory allegations that defendants "had any sort of *direct* employer responsibility over them, such as ability to hire or fire, set work hours or job responsibilities") (emphasis added); see also Solis v. ZEP LLC, 2020 WL 1439744, at *8 (allegations that recite the statutory factors in conclusory fashion are insufficient); Chen v. TYT East Corp., 2012 WL 5871617, at *4 (Mar. 21, S.D.N.Y. 2012) ("Plaintiffs' boilerplate recitation of the four Carter factors is not entitled to the assumption of truth, and therefore cannot give rise to a plausible inference that Wang is an 'employer' "); Vasto v. Credico (U.S.A.) LLC, 2016 WL 4147241, at *7 (Aug. 3, 2016); Bravo v. Established Burger One LLC, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (no single integrated enterprise where "Plaintiffs allege no specific facts, aside from the elements of the 'economic reality test,' to satisfy their pleading burden"); Diaz v. Consortium for Worker Educ., Inc., 2010 WL 3910280 at *4 (S.D.N.Y. Sept. 28, 2010) (finding "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" insufficient); Bravo v. Eastpoint Int'l, 2001 WL 314622, at *2 (S.D.N.Y. March 30, 2001).

Accordingly, the claims against the individual Defendants must be dismissed.

## III. PLAINTIFF MUST BE DENIED LEAVE TO AMEND THE COMPLAINT

Plaintiffs' request for leave to amend the pleadings in the event of dismissal is too little, too late. They have been provided with an opportunity to remedy the deficiencies asserted and have chosen to instead argue that the complaint is sufficiently pled. For Plaintiff to now receive yet another opportunity to amend is futile.

If an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6). See Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y. 2003). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." See Randolph–Rand Corp. of New York v. Tidy Handbags, Inc., No. 96-CIV.-1829, 2001 WL 1286989, at *5 (S.D.N.Y. Oct. 24, 2001) (quoting Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999)).

Here, for the reasons provided in Defendants' moving papers and the arguments raised herein, it would be futile for Plaintiffs to amend their complaint. Accordingly, granting leave to amend must be denied.

## CONCLUSION

Defendants respectfully request that Plaintiff's Complaint be dismissed.

Dated: Lake Success, New York
January 16, 2023

**MILMAN LABUDA LAW GROUP PLLC**

By: */s/ Emanuel Kataev, Esq.*___________
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
netanel@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**

Akin Law Group PLLC
Attn: Messrs. Robert D. Salaman & Zafer Akin, Esqs.
45 Broadway, Suite 1420
New York, NY 10006-3007
rob@akinlaws.com
zafer@akinlaws.com

*Attorneys for Plaintiffs*