# AKIN & SALAMAN

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400     Fax.  (212) 825-1440

**ZAFER A. AKIN**
**ROBERT D. SALAMAN**

**JUSTIN AMES**
**OLENA TATURA**
**KAYLA S. CALLAHAN**
**HAKAN SEN**

-----------------------------------

---------------------------------------

January 25, 2024

**Via ECF**

United States District Court
Eastern District of New York
Honorable Sanket J. Bulsara
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re:**   *Fidan, et al. v. Istanbul Rego Park Inc., et al.*
                Case No. 22-CV-2252 (ENV) (SJB)
                **Joint Letter Motion for Cheeks FLSA Settlement Approval**

Dear Judge Bulsara:

      Our office represents Plaintiffs Ali Fidan and Ece Karagoz (collectively, "Plaintiffs") in the above-referenced matter.  On November 30, 2023, the parties reached a settlement after extensive conversations and two mediation sessions.  We respectfully now seek Your Honor's approval of the attached Proposed Settlement Agreement (Exhibit A).

      The Parties have concluded that the Proposed Settlement Agreement is fair, reasonable, adequate and in the Parties' mutual best interests.  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

      **I.**      **The Proposed Settlement Agreement Is Fair and Reasonable**

      In order for the parties Proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015).  The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching."  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.,* No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400     Fax.  (212) 825-1440

Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In this action, Plaintiffs, former employees of Defendants' Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and Grill"), Ali Gulu ("Gulu"), Yasin Cabuk ("Cabuk"), Yuri Doe ("Yuri") and Yujin Doe (Yujin") (collectively "Defendants") allege that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage, overtime and spread of hours, along with failing to provide a statutory wage notice and wage statements.

Plaintiff Ali Fidan ("Fidan") alleges that he was employed by the Defendants approximately March 2020 to January 2022. Fidan worked approximately 65 to 75 hours per week. Fidan was paid $600 per week in cash. From approximately July 2020 to January 2022, the Defendants increased Fidan's pay rate to $650 per week.  In approximately May 2021, Fidan received a pay raise to $700 per week. The Defendants failed to pay Fidan minimum wage, overtime or spread of hours pay.  The Defendants also failed to provide Fidan with a wage notice upon his hire and failed to provide Fidan with wage statements / pay stubs, in violation of the NYLL. As such, Fidan complained about the Defendants' wage violations.  In retaliation for Fidan's complaints, the Defendants retaliated against Fidan by reducing his hours.  Specifically, in January 2022, the Defendants advised Fidan to take two days off work and then to come back. When Fidan came back to work two days later, the Defendants informed Fidan that they could not employ him any longer, and told him to report back in two months.  Gulu told Fidan, You can find a job elsewhere.

Plaintiff Ece Karagoz ("Karagoz") was employed by the Defendants from approximately September 2018 to September 2021 as a waitress.  Karagoz worked at minimum five (5) days per week, and occasionally six days per week.  Karagoz worked approximately 65 to 70 hours per week.  Karagoz was paid in cash. From the commencement of her employment until approximately May 2020, Karagoz was paid $12.00 per hour, without tips. From May 2020 to July 2020, Karagoz only earned $100 per day and was only allowed to keep a small percentage of her tips. The Defendants told Karagoz that she could only get paid hourly pay or get paid by tips but not both. Karagoz was paid solely in tips. The Defendants failed to pay Karagoz minimum wage, overtime or spread of hours pay.  The Defendants also failed to provide Karagoz with a wage notice upon her hire and failed to provide Karagoz with wage statements / pay stubs, in violation of the NYLL. On or about Sunday, September 12, 2021, Karagoz complained about her unpaid wages, including not receiving overtime. Plaintiff Karagoz was terminated effective September 12, 2021. Defendants terminated Plaintiff Karagoz employment in retaliation for her complaints of and opposition to Defendants' unlawful pay scheme.

**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400     Fax. (212) 825-1440

Defendants contend that Plaintiffs worked less hours than what they alleged in their Complaint. Defendants provided time records to Plaintiffs' counsel purportedly setting forth Plaintiffs' daily hours worked. In addition, during the onset of the COVID-19 pandemic, Defendants claim Plaintiffs worked substantially less hours than they claim.

Defendants assert that Plaintiff Fidan is entitled to a sum of $6,561.81, and Plaintiff Karagoz is owed $6,851.70 based on their damage calculations. In contrast, according to the damage calculations presented by the Plaintiffs, Plaintiff Fidan is seeking a compensation of $55,975.00, while Plaintiff Karagoz claims an amount of $72,585.00.

In addition, there are genuine concerns that the Defendants would not be able to satisfy a judgment. The Corporate Defendant Istanbul Rego Park Inc. is currently in Chapter 11 bankruptcy under (Case Number 1-22-43000-NHL).

Given the risks for both sides in the litigation, the Proposed Agreement awarding the Plaintiffs the total sum of $82,000.00 is fair and reasonable for a number of reasons. First, the Settlement Agreement is a fair financial compromise given the dispute over Plaintiffs' hours worked. Second, the Settlement Agreement will spare the parties the expense of conducting a trial. Third, the Settlement Agreement provides the Plaintiffs with an immediate recovery, as opposed to a delayed recovery, a paper judgment or none at all. Fourth, the Settlement Agreement allows the parties to avoid the litigation risks set forth above. Fifth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel and a Mediator. The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of a mediation session and extended subsequent conversations. Sixth, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

Finally, the parties' settlement agreement also contains a mutual general release provision. Whereas here, the Plaintiffs are no longer employed by any of the Defendants, courts have routinely found agreements with such provisions fair and reasonable pursuant to Cheeks. See, e.g., Chun Lan Guan v. Long Is. Bus. Instute, Inc., No. 15-CIV.-2215 (CBA) (VMS), 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020) (Amon, J.) ("there is nothing inherently unfair about a release of claims in an FLSA settlement" and finding that the mutual releases of claims in the Settlement Agreements are fair and reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers upon applying the Wolinsky factors); Burgos v. Northeast Logistics, Inc., No. 15-CIV.-6840 (CLP), 2018 WL 2376481, at *6 (E.D.N.Y. Apr. 26, 2018), report and recommendation adopted, No. 15-CIV.-6840 (CBA), 2018 WL 2376300 (E.D.N.Y. May 24, 2018) (finding that the release satisfies the two conditions under which some courts typically approve of mutual general releases, but requiring parties to revisit an aspect of the release which is asymmetrical in order to receive approval); see also Grullon v. Justin Pharmacy Inc., No. 1:20-CIV.-6122 (OTW), 2021 WL 76386, at *3 (S.D.N.Y. Jan. 8, 2021) (when the plaintiff is a former employee with no ongoing relationship with the employer, courts in this District have approved a general release, if the release is mutual) (citing Strauss v. Little Fish Corp., No. 1:19-CIV.-10158 (LJL), 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel.  (212) 825-1400    Fax.  (212) 825-1440

engage in the form of a lawsuit.") (citing cases)); Small v. Stellar Mgmt. Ltd., No. 1:20-CIV.-2540 (SDA), 2020 WL 7890748, at *1 (S.D.N.Y. Oct. 21, 2020) ("In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising from their activities as such"); Souffrant v. 14-15 Mertens Place Corp., No. 19-CIV.-05482 (BCM), 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (approving agreement when modified to ensure releases extended only to those acting on behalf of or in privity with the parties and was limited to claims arising from actions taken in such capacities); Khan v. Young Adult Inst., Inc., No. 18-CIV.-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CIV.-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement").'

## II.    The Attorney's Fees Are Fair and Reasonable

Under the settlement, Plaintiffs' counsel, Akin Law Group PLLC, receives $32,940.00 for its attorney's fees and costs. Costs are $2,315.50 for filing the complaint, service and the two mediations (Expenses attached as Exhibit B). As a courtesy to the Plaintiffs, our firm has agreed to waive the mediation fee of $612.50. Therefore, the total costs are $1,703.00. Hakan Sen and I are the only attorneys at Akin Law Group PLLC who worked on Plaintiffs' file.

I, Robert D. Salaman, am an attorney in good standing with the New York State and New Jersey State Bars (admitted in 2013), the District Court of New Jersey and the Southern and Eastern District Courts of New York (admitted in 2013). I became a full-time associate attorney at Akin Law Group upon admission to the New York and New Jersey State Bars in 2013, and was promoted to Partner in 2020. I have worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on both the plaintiff and management side. My accolades were recognized by Super Lawyers / New York Metro, which named me a Rising Star from 2015 to 2023. My rate is $400.00 per hour.

Hakan Sen an attorney in good standing with the New York State (admitted in 2023), the and the Southern Eastern District Courts of New York (admitted in 2023). He became a full-time associate attorney at Akin Law Group upon admission to the New York 2023. Hakan has worked extensively in the field of employment litigation (including wage and hour), for 7 years as a paralegal and attorney for Akin Law Group. Hakan's rate is $300.00 per hour.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonable of the fee award." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400   Fax. (212) 825-1440

> fees. Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.

*Id.* (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations and the litigation risks, the Court can reasonably infer that the Plaintiffs' recovery has not been adversely affected by counsel's interest in its own compensation. In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreement with counsel, which provided that counsel would receive his reasonable attorney's fees and be reimbursed for costs incurred.

The attorney's fees and costs amount of $29,036.33 is reasonable under the lodestar approach which courts typically apply in FLSA cases. *See e.g. Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28. Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiff's 'partial or limited success'" applies in cases like this one where the fee amount has already been settled., *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard"), no such reduction is warranted here.

Indeed, the agreed amount of $29,036.33 is already lower than the approximately $32,940.00 indicated on Plaintiffs' counsel's billing records (attached as Exhibit C). Courts have held that a standard one-third settlement for attorney's fees is "consistent with the trend in this Circuit." *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. 2015); *Nojera v. Royal Bedding Co., LLC*, 2015 WL 3540719 at *3 (E.D.N.Y. 2015) (noting that one-third contingency fees "are commonly accepted in the Second Circuit in FLSA cases"). **In this case, the attorney's fees Plaintiffs' counsel is recovering is exactly 33% of the Plaintiffs' recovery.**

Given Plaintiffs' counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent negotiations. Accordingly, the time spent by Plaintiffs' counsel on this case was reasonable.

Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice. We thank Your Honor for your time and attention to this matter.

Very truly yours,

**Akin & Salaman**

*/s/ Robert D. Salaman*
_____

5

**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

Robert D. Salaman

cc: All counsel of record (via ECF)