## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

1.      This Settlement Agreement and Release of Wage and Hour Claims ("Agreement") is entered into by and Plaintiffs Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") (collectively, "Plaintiffs") and against Defendants Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and Grill"), Ali Gulu ("Gulu"), Yasin Cabuk ("Cabuk"), Yuri Doe ("Yuri") and Yujin Doe ("Yujin") (collectively "Defendants"), on their own behalf and on behalf of their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents, partners, associates and employees, including, but not limited to, Plaintiffs.

2.      <u>Non-Admission</u>. This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.      On or about April 20, 2022, Plaintiffs filed a Complaint in the United States District Court, Eastern District of New York ("EDNY"), as Fidan & Karagoz v. Istanbul Rego Park Inc., et al., bearing Case No. 22-CV-2252 (the "Lawsuit"). Plaintiffs and Defendants desire fully and finally to resolve this Lawsuit and any and all other wage claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Plaintiffs against Defendants occurring at any time prior to and including the date on which this Agreement is executed.

4.      <u>Payment to Plaintiff</u>. In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, Defendants shall pay to the Plaintiffs the total settlement amount of Eighty-Two Thousand Dollars and Zero Cents ($82,000.00) (the "Settlement Sum"), to be allocated as follows: (a) Twenty-Seven Thousand Third Hundred Thirty-Three Dollars and Thirty-Three Cents ($27,333.33) to Akin Law Group PLLC for attorney's fees and costs; and (b) Fifty-Four Thousand Six Hundred Sixty-Six Dollars and Sixty-Four Cents ($54,666.64) to Plaintiffs. Payment shall be made as follows:

      a.   An initial payment of Nine Thousand Nine Hundred Ninety-Nine dollars and Ninety-Nine Cents ($9,999.99) (the "Initial Settlement Payment") to be paid within fifteen (14) days of judicial approval of the Settlement.  Payment should be made as follows:

          i.   $3,333.33 to Ece Karagoz, on an IRS Form 1099;

          ii.  $3,333.33 to Ali Fidan, on an IRS Form 1099; and

          iii. $3,333.33 to Akin Law Group PLLC, on an IRS Form 1099, for attorney's fees and costs.

      b.   Seventy Thousand Dollars and Twenty-Four cents ($70,000.20) will be paid in eighteen equal monthly installments of Three Thousand Eight Hundred Eighty-Eight Dollars and Eight-Nine Cents ($3,888.90) on the <u>first (1st) day</u> of

1

b. Seventy Thousand Dollars and Twenty-Four cents ($70,000.20) will be paid in eighteen equal monthly installments of Three Thousand Eight Hundred Eighty-Eight Dollars and Eight-Nine Cents ($3,888.90) on the <u>first (1st) day</u> of each month beginning the month following the month in which the Initial Settlement Payment is made.  Payment should be made as follows:

   i.  $1,296.30 to Ece Karagoz, on an IRS Form 1099;

   ii.  $1,296.30 to Ali Fidan, on an IRS Form 1099; and

   iii.  $1,296.30 to Akin Law Group PLLC, on an IRS Form 1099, for attorney's fees and costs.

c. A final installment of One Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Eight Cents ("1,999.92") will be made to Plaintiffs as the last installment after the payment in Paragraph 4(b) is made.

   i.  $666.64 to Ece Karagoz, on an IRS Form 1099;

   ii.  $666.64 to Ali Fidan, on an IRS Form 1099; and

   iii.  $666.64 to Akin Law Group PLLC, on an IRS Form 1099, for attorney's fees and costs.

d. Each installment payment will be paid as follows:

   i.  Delivery to Plaintiffs' counsel Akin Law Group PLLC, located at 45 Broadway, Suite 1420, New York NY 10006.

e. <u>Default.</u>  In the event that Defendants fail to fully and timely tender payment to Plaintiffs' counsel according to the terms and schedule set forth above, Defendants shall be in breach and in default of this Agreement.  Plaintiffs will provide Defendants with seven (7) business days' written notice to cure said default, which shall be sent via email to their attorneys at emanuel@mllaborlaw.com.  In the event that the breach is not cured within this seven (7) business day period, Plaintiffs shall be entitled to (1) accelerate all payments due pursuant to this agreement, so that the full balance of the outstanding payments become immediately due and owing; and (2) enter the Affidavits of Confession of Judgment against Defendants, as provided in Section 4(a) below, less all amounts paid.

f. <u>Security/Guarantees.</u>  Simultaneously with the delivery of an executed copy of this Agreement to Defendants' Counsel, Defendants shall deliver fully-executed Affidavits of Confession of Judgment in the amount of $82,000.00 in the form annexed hereto as Exhibits A, B, C, D and E, which shall be held in escrow by Plaintiffs' Counsel.  The Affidavits of Confession of Judgment

2

may be released from escrow only upon the occurrence of one of the following: (a) upon the clearance of the final installment fully satisfying Defendants' payment obligations pursuant to this Settlement Agreement, the Affidavits of Confession shall be returned to Defendants' Counsel within five (5) business days after clearance of such final payment; or (b) in the event Defendants fail to cure a Default within the Cure Period as set forth herein, the Affidavits of Confession of Judgment may be filed with the Court as a Judgment against Defendants, less any amounts paid pursuant to this Agreement, plus reasonable attorney's fees and costs incurred by Plaintiffs in securing and satisfying the Judgment.

g.  Plaintiffs each agree and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to them under this Agreement and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' relationship with the Defendants as limited by the releases in this Agreement.

5.  Claims Released by Plaintiffs.

a.      In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, each Plaintiff, on behalf of himself and his respective family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "**Releasors**"), irrevocably and unconditionally fully and forever waives, releases and discharges the Company, the Company's parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, including but not limited to those arising out of, or in any way related to Plaintiffs' hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such a claim ("Released Claims").

b.      Each Plaintiff further agrees and acknowledges that Released Claims include, but are not limited to:

(i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National

3

Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Older Workers' Benefit Protection Act and the Age Discrimination in Employment Act, as amended, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiffs' execution of this Agreement.

c. Plaintiffs shall not hereafter knowingly, directly or indirectly, commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against the Company for Released Claims, unless directed by court order or subpoena. Each Plaintiff expressly agrees that if he breaches this Section 5(c), he or she will be responsible for any attorney's fees incurred by the Company as a result of said breach.

d.      Specific Release of ADEA and OWBPA Claims. To the extent any Plaintiff is over the age of forty (40) years of age, and in further consideration of the benefits provided to each Plaintiff in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Pagan hereby acknowledges and confirms that he: (i) has read this Agreement in its entirety and understands all of its terms; (ii) has been advised of and availed himself of his right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to

4

anything of value to which he is otherwise entitled; (v) was given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of his choice, although he may sign it sooner if desired; (vi) understands that he has seven (7) days from the date he signs this Agreement to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 3000 Marcus Avenue, Lake Success, NY 11042-1073 by overnight delivery before the end of such seven-day period; (vii) understands that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which he signs this Agreement; and (viii) in entering into this Agreement, agrees and acknowledges that he is not relying on any representation, promise or inducement made by the Company or its attorneys with the exception of those promises described in this Agreement.

e.    This release and waiver of claims shall not be construed to impair Plaintiffs' respective rights to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar any Plaintiff from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any Released Claims that cannot be released by private agreement, each Plaintiff agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiffs' behalf, either individually or as part of a collective action, by any governmental agency or other third party.

6.       <u>Claims Released by Defendants.</u> In exchange for Plaintiffs' execution, compliance with, and non-revocation of this Agreement, and for other good and valuable consideration, receipt of which is hereby acknowledged, Defendants irrevocably and unconditionally fully and forever waive, release and discharge each of the Plaintiffs from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of their execution of this Agreement, including, without limitation, any claims under any federal, state, local, or foreign law, that they may have, have ever had or may have in the future against Plaintiff, including but not limited to those arising out of, or in any way related to Plaintiffs' employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Defendants have previously filed such a claim.

7.    <u>Payment of Applicable Taxes.</u>  Plaintiffs are and shall be solely responsible for all federal, state and local taxes that may be owed by Plaintiffs by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiffs agrees to indemnify and hold Defendants harmless against the payment of their portion of any taxes, interest, penalties and other liabilities or costs that may be assessed by the Internal Revenue Service, or any other taxing authority and/or any other governmental agency (whether federal, state, or local), in connection with the Settlement Sum, including but not limited to any failure by Plaintiffs to report to the proper taxing authorities, or any failure by Plaintiffs to pay income taxes on, the Settlement Sum. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

8.    Plaintiffs' Representations and Warranties.  Each Plaintiff hereby represents, warrants, acknowledges, and affirms as follows:

- that he or she has not filed or permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Defendants with any local, state or federal court or administrative agency other than the instant Lawsuit;

- that he or she has been paid and has received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement;

- that he or she has no known workplace injuries or occupational diseases; and

- Each Plaintiff agrees to indemnify and hold harmless the Defendants from and against any enforcement actions for child support.

9.    Severability.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  If any portion of this Agreement is found invalid, the parties agree to enter into a full and general Release by Plaintiffs that is not invalid.

10.    Non-Waiver.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

11.    Headings.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12.    Choice of Law.  This Settlement Agreement and General Release is to be interpreted pursuant to the laws of New York, except where the application of federal law applies.

13.    Multiple Counterparts and Entire Agreement.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties.  The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  This Agreement shall survive the cessation or termination of any arrangements contained herein.  This Agreement may be executed in multiple originals, each of which shall be considered as an original, but all of which together shall constitute one Agreement, and shall bind Plaintiffs, their heirs, executors, administrators, successors, assigns, and Defendants, their successors, assigns, and legal representatives.  A photocopy or facsimile of the original documents will have the same force and effect as the original.

6

14. <u>Voluntary Agreement</u>. By signing in the space provided below, the Parties agree and affirm that:

    a.  He and she was advised to and has carefully read and fully understands all of the provisions of this Agreement;

    b.  He and she has had at least twenty-one (21) days to review consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement to the extent he or she is over the age of forty (40) years old;

    c.  This Agreement is legally binding, and by signing it, each Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

    d.  No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce either Plaintiff to enter into this Agreement, and neither Plaintiff has been forced or pressured in any way to sign this Agreement; and

    e.  Through this Agreement, each Plaintiff is releasing all of the Releasees from any and all claims that he may have against the Releasees in exchange for the Settlement Payment described herein;

    f.  Each Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have each executed this Agreement on the dates set forth below.

**ECE KARAGOZ**

By: _____

Dated: __1 - 25 - 2024__

**ALI FIDAN**

By: _____

Dated: __19. 1 - 2024__

**ISTANBUL REGO PARK INC.**

By: _____

Dated: _____

**ALI GULU**

By: _____

Dated: _____

**YASIN CABUK**

By: _____

Dated: __1 - 18 - 2024__

14. <u>Voluntary Agreement</u>. By signing in the space provided below, the Parties agree and affirm that:

    a. He and she was advised to and has carefully read and fully understands all of the provisions of this Agreement;

    b. He and she has had at least twenty-one (21) days to review consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement to the extent he or she is over the age of forty (40) years old;

    c. This Agreement is legally binding, and by signing it, each Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

    d. No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce either Plaintiff to enter into this Agreement, and neither Plaintiff has been forced or pressured in any way to sign this Agreement; and

    e. Through this Agreement, each Plaintiff is releasing all of the Releasees from any and all claims that he may have against the Releasees in exchange for the Settlement Payment described herein;

    f. Each Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have each executed this Agreement on the dates set forth below.

**ECE KARAGOZ**

By: _____
Dated: _____

**ALI FIDAN**

By: _____
Dated: _____

**ISTANBUL REGO PARK INC.**

By: _____
Dated: 01/18/2024

**ALI GULU**

By: _____
Dated: 01/18/2024

**YASIN CABUK**

By: _____
Dated: 1-18-2024

7

# EXHIBIT A

## AFFIDAVIT OF CONFESSION OF JUDGMENT OF ISTANBUL REGO PARK INC.

8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

ALI FIDAN and ECE KARAGOZ,                          Case No. 22-CV-2252 (ENV)(SJB)

                                    Plaintiffs,

                                                    **AFFIDAVIT OF CONFESSION**
                 -against-                          **OF JUDGMENT OF**
                                                    **ISTANBUL REGO PARK INC.**

ISTANBUL REGO PARK INC. d/b/a BLACK SEA
FISH AND GRILL, ALI GULU, YASIN CABUK,
YURI DOE, and YUJIN DOE

                             Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

    **ALI GULU**, hereby affirms, deposes and says, pursuant to the penalties of perjury, that the following is true and correct:

    1.    I am an Owner of Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and Grill") and I am duly authorized to make this Affidavit on behalf of Black Sea Fish and Grill.

    2.    This Confession of Judgment is for a debt justly due to the Plaintiffs Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") on the basis of the terms of a Settlement Agreement dated January ____, 2024 (the "Settlement Agreement") between Plaintiffs and Defendants Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and Grill"), Ali Gulu ("Gulu"), Yasin Cabuk ("Cabuk"), Yuri Doe ("Yuri") and Yujin Doe (Yujin") (collectively, "Defendants"), where the Defendants agreed to pay Plaintiffs $82,000.00 in full settlement of Plaintiffs' claims asserted against the Defendants in the action entitled *Fidan & Karagoz v. Istanbul Rego Park Inc., et al.*, Case No.: 1:22-cv-2252 (ENV) (SJB) (the "Action").

9

3.      As security for the payment of the Settlement Amount, I hereby confess judgment herein on behalf of Black Sea Fish and Grill and authorize entry of a judgment in the amount of $82,000.00 less any payments made pursuant to the Settlement Agreement (the "Unpaid Balance"), plus reasonable attorney's fees and costs incurred by Plaintiffs in securing and satisfying the judgment.

4.      This Confession of Judgment may be filed with the Court in the event there is a default beyond any applicable Cure Period under the Settlement Agreement.

5.      Plaintiffs will have this Confession of Judgment held in escrow by his attorneys, Akin & Salaman, pending full satisfaction of the terms of the Settlement Agreement.

6.      This Confession of Judgment will be surrendered back to me once the payment obligations under the Settlement Agreement are satisfied.

7.      This Confession of Judgment may only be used as contemplated herein and may not, in any way, be used to enter a judgment against any individual or entity other than Black Sea Fish and Grill.

8.      This Confession of Judgment is not for the purpose of securing Plaintiffs against a contingent liability.

9.      By signing this Affirmation, I have given up the right of Black Sea Fish and Grill to any notice or opportunity to be heard prior to the entry of a confessed judgment on the records of the Court, and Black Sea Fish and Grill has waived all defenses and/or objections to the entry of said judgment, but require notice of any such application should it be made to my attorneys via email at emanuel@mllaborlaw.com.

10.     I acknowledge that I am signing this Affidavit on behalf of Black Sea Fish and

Grill freely and voluntarily, and without any fraud, duress, or undue influence by the Plaintiffs,

or by any other person or persons.

Dated: Queens , New York
       January 18, 2024

                                        **ISTANBUL REGO PARK INC.**


                                        _____
                                        Ali Gulu


Sworn to before me this
18 day of January, 2024

_____

Notary Public

> LEORA KATAYEV
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01KA0008383
> Qualified in Queens County
> Commission Expires May 22, 20__

11

**EXHIBIT B**
**AFFIDAVIT OF CONFESSION OF JUDGMENT OF**
**ALI GULU**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ALI FIDAN and ECE KARAGOZ,                                      Case No. 1:22-CV-2252 (ENV)(SJB)

                              Plaintiffs,

                -against-                                       **AFFIDAVIT OF CONFESSION
                                                               OF JUDGMENT OF
                                                               ALI GULU**

ISTANBUL REGO PARK INC. d/b/a BLACK SEA
FISH AND GRILL, ALI GULU, YASIN CABUK,
YURI DOE, and YUJIN DOE

                              Defendants.
----------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

      **Ali Gulu,** hereby affirms, deposes and says, pursuant to the penalties of perjury, that the

following is true and correct:

      1.     I am an Owner of Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black

Sea Fish and Grill") and I am duly authorized to make this Affidavit in my personal capacity.

      2.     This Confession of Judgment is for a debt justly due to the Ali Fidan ("Fidan")

and Ece Karagoz ("Karagoz") (collectively, "Plaintiffs")  on the basis of the terms of a

Settlement Agreement dated January____, 2024 (the "Settlement Agreement") between Plaintiffs

and Defendants Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and

Grill"), Ali Gulu ("Gulu"), Yasin Cabuk ("Cabuk"), Yuri Doe ("Yuri") and Yujin Doe (Yujin")

(collectively "Defendants"), where the Defendants agreed to pay Plaintiffs $82,000.00 in full

settlement of Plaintiffs' claims asserted against the Defendants in the action entitled *Fidan &*

*Karagoz v. Istanbul Rego Park Inc., et al.*, Case No.: 1:22-cv-2252 (ENV) (SJB) (the "Action").

13

3.     As security for the payment of the Settlement Amount, I hereby confess judgment herein on behalf of myself, Ali Gulu, in a personal capacity, and authorize entry of a judgment in the amount of $82,000.00 less any payments made pursuant to the Settlement Agreement (the "Unpaid Balance"), plus reasonable attorney's fees and costs incurred by Plaintiffs in securing and satisfying the judgment.

4.     This Confession of Judgment may be filed with the Court in the event there is a default beyond any applicable Cure Period under the Settlement Agreement.

5.     Plaintiffs will have this Confession of Judgment held in escrow by his attorneys, Akin Law Group PLLC, pending full satisfaction of the terms of the Settlement Agreement.

6.     This Confession of Judgment will be surrendered back to me once the payment obligations under the Settlement Agreement are satisfied.

7.     This Confession of Judgment may only be used as contemplated herein and may not, in any way, be used to enter a judgment against any individual or entity other than Ali Gulu.

8.     This Confession of Judgment is not for the purpose of securing Plaintiffs against a contingent liability.

9.     By signing this Affirmation, I have given up the right of myself, Ali Gulu, in my personal capacity, for any notice or opportunity to be heard prior to the entry of a confessed judgment on the records of the Court, and Ali Gulu has waived all defenses and/or objections to the entry of said judgment, but require notice of any such application should it be made to my attorneys via email at emanuel@mllaborlaw.com.

10.     I acknowledge that I am signing this Affidavit on behalf of myself, Ali Gulu, in my personal capacity, freely and voluntarily, and without any fraud, duress, or undue influence by the Plaintiff, or by any other person or persons.

14

Dated: Queens, New York
         January 18, 2024

_____
Ali Gulu

Sworn to before me this
  18 day of January, 2024

_____
Notary Public

LEORA KATAYEV
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01KA0008383
Qualified in Queens County
Commission Expires May 22, 20 27

15

**EXHIBIT C
AFFIDAVIT OF CONFESSION OF JUDGMENT OF
YASIN CABUK**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALI FIDAN and ECE KARAGOZ,                          Case No. 1:22-CV-2252 (ENV)(SJB)

                Plaintiffs,

        -against-                                 **AFFIDAVIT OF CONFESSION
                                        OF JUDGMENT OF
                                        YASIN CABUK**

ISTANBUL REGO PARK INC. d/b/a BLACK SEA
FISH AND GRILL, ALI GULU, YASIN CABUK,
YURI DOE, and YUJIN DOE

                Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK      )
                          ) ss.:
COUNTY OF NEW YORK  )

      **Yasin Cabuk,** hereby affirms, deposes and says, pursuant to the penalties of perjury, that the following is true and correct:

      1.     I am an Owner of Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and Grill") and I am duly authorized to make this Affidavit in my personal capacity.

      2.     This Confession of Judgment is for a debt justly due to the Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") (collectively, "Plaintiffs") on the basis of the terms of a Settlement Agreement dated January ____, 2024 (the "Settlement Agreement") between Plaintiffs and Defendants Istanbul Rego Park Inc., d/b/a Black Sea Fish and Grill ("Black Sea Fish and Grill"), Ali Gulu ("Gulu"), Yasin Cabuk ("Cabuk"), Yuri Doe ("Yuri") and Yujin Doe (Yujin") (collectively "Defendants"), where the Defendants agreed to pay Plaintiffs $82,000.00 in full settlement of Plaintiffs' claims asserted against the Defendants in the action entitled *Fidan & Karagoz v. Istanbul Rego Park Inc., et al.*, Case No. 1:22-cv-2252 (ENV) (SJB) (the "Action").

17

3.      As security for the payment of the Settlement Amount, I hereby confess judgment herein on behalf of myself, Yasin Cabuk, in a personal capacity, and authorize entry of a judgment in the amount of $82,000.00 less any payments made pursuant to the Settlement Agreement (the "Unpaid Balance") plus reasonable attorney's fees and costs incurred by Plaintiffs in securing and satisfying the judgment.

4.      This Confession of Judgment may be filed with the Court in the event there is a default beyond any applicable Cure Period under the Settlement Agreement.

5.      Plaintiffs will have this Confession of Judgment held in escrow by his attorneys, Akin Law Group PLLC, pending full satisfaction of the terms of the Settlement Agreement.

6.      This Confession of Judgment will be surrendered back to me once the payment obligations under the Settlement Agreement are satisfied.

7.      This Confession of Judgment may only be used as contemplated herein and may not, in any way, be used to enter a judgment against any individual or entity other than Yasin Cabuk.

8.      This Confession of Judgment is not for the purpose of securing Plaintiffs against a contingent liability.

9.      By signing this Affirmation, I have given up the right of myself, Yasin Cabuk, in my personal capacity, for any notice or opportunity to be heard prior to the entry of a confessed judgment on the records of the Court, and Yasin Cabuk has waived all defenses and/or objections to the entry of said judgment, but require notice of any such application should it be made to my attorneys via email at emanuel@mllaborlaw.com.

18

10.     I acknowledge that I am signing this Affidavit on behalf of myself, Yasin Cabuk, in my personal capacity, freely and voluntarily, and without any fraud, duress, or undue influence by the Plaintiff, or by any other person or persons.

Dated: _1240 Port_, New York
        January _18_, 2024

_____
Yasin Cabuk

Sworn to before me this
18th day of January, 2024

_Amanda Grassi_

Notary Public

AMANDA GRASSI
Notary Public, State of New York
Registration #01GR6198145
Qualified in Nassau County
Commission Expires Dec. 15, ~~2020~~
                                    2024

19