UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALI FIDAN and ECE KARAGOZ,

                                                   **Case No.:** 1:22-cv-2252 (ENV) (SJB)

                        Plaintiffs,

       -against-

ISTANBUL REGO PARK INC. d/b/a BLACK SEA
FISH AND GRILL, ALI GULU, YASIN CABUK,
YURI DOE, and YUJIN DOE,

                        Defendants.
------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO THE HON. SANKET J. BULSARA, U.S.M.J.'S APRIL 12, 2024 ORDER DENYING THE PARTIES' JOINT LETTER MOTION FOR SETTLEMENT APPROVAL**

Dated: Jamaica, New York
April 24, 2024

                                                 **SAGE LEGAL LLC**
                                               Emanuel Kataev, Esq.
                                               18211 Jamaica Avenue
                                               Jamaica, NY 11423-2327
                                               (718) 412-2421 (office)
                                               (718) 489-4155 (facsimile)
                                               (917) 807-7819 (cellular)
                                               emanuel@sagelegal.nyc

                                               *Attorneys for Defendants*

**PRELIMINARY STATEMENT**

For the reasons set forth below, Defendants respectfully submit that the Hon. Sanket J. Bulsara, U.S.M.J.'s (hereinafter "Judge Bulsara") Order (the "Order")[1] denying the parties' joint letter motion for settlement approval must be set aside.

In the Order, Judge Bulsara denied the parties' joint motion because it contained a general release which was deemed overly broad. However, because the Plaintiffs are no longer employed by the Defendants and the consideration paid comports with Plaintiffs' reasonable range of recovery, it is respectfully submitted that the Order must be set aside.

**FACTS**

Plaintiffs Ali Fidan ("Fidan") and Ece Karagoz ("Karagoz") (Fidan and Karagoz collectively hereinafter the "Plaintiffs") commenced this case on April 20, 2022, and Defendants appeared by counsel on July 28, 2022. See ECF Docket Entries 1 and 5. Fidan is no longer working for the Defendants since January 2022. See ECF Docket Entry 1 ¶¶ 10, 68. Karagoz similarly no longer works for the Defendants since September 2021. See Id. ¶¶ 15, 110.

On August 12, 2022, Defendants filed a letter motion for a pre-motion conference in anticipation of their motion to dismiss under Rule 12(b)(6) on the grounds that Plaintiff's wage-and-hour claims failed to state a claim upon which relief can be granted. See ECF Docket Entry 8. In response, the parties agreed to stay Plaintiffs' deadline to oppose and to enter into a mediation referral Order. See ECF Docket Entry 9.

Judge Bulsara denied the request for a stay on August 22, 2022, and Plaintiffs opposed Defendants' letter motion on September 6, 2022. See Text Only Order dated August 22, 2022 and ECF Docket Entry 10.

---

[1] See Text Only Order dated April 12, 2024.

This Court deemed a pre-motion conference unnecessary, and the parties then bundle-filed Defendants' motion to dismiss on January 16, 2023.  See Text Only Order dated September 22, 2022 and ECF Docket Entries 17-22.

Meanwhile, the parties' first mediation was unsuccessful and the corporate Defendant filed a bankruptcy petition.  See December 14, 2022 report of mediation unsettled and ECF Docket Entry 14.  This case was stayed as against the corporate Defendant on January 9, 2023.  See Text Only Order dated January 9, 2023.  The parties proceeded to discovery, as is evidenced by a July 10, 2023 status report.  See ECF Docket Entries 26 ("Defendants have provided documents in response to Plaintiff's document requests …") and 28 ("the parties still have some paper discovery outstanding and are working those issues out").

On December 5, 2023, following a second mediation, the parties reached a settlement in principle.  See ECF Docket Entries 28 (requesting mediation) and 30 (reporting settlement).  The parties filed their first joint letter motion for settlement approval on January 25, 2024.  See ECF Docket Entry 33.  A hearing was held before Judge Bulsara on March 18, 2024, where Judge Bulsara raised some concerns about the attorneys' fees Plaintiffs' counsel was to receive, whereupon Judge Bulsara directed the parties to renew their joint letter motion for settlement approval upon addressing same.  See Text Only Minute Entry and Order dated March 18, 2024.

On April 5, 2024, the parties renewed their joint letter motion for settlement approval.  See ECF Docket Entry 37.  A week later, Judge Bulsara issued the Order, reasoning that "the settlement agreement contains a release that goes well beyond wage and hour claims, including claims under Title VII, ERISA, and other statutes, and therefore, it does not reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  See Text Only Order dated April 12, 2024 (internal quotations omitted).

2

For the reasons set forth below, this Court should approve the parties' settlement.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." See Fed. R. Civ. P. 72(b)(2).

A court will review *de novo* those portions of a report to which the parties file "timely and specific" objections. See Parks v. Commissioner of Social Security, No. 15-CIV.-6470 (ER), 2017 WL 3016946, at *3 (S.D.N.Y. July 17, 2017) (citing United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997)); see also 28 U.S.C. § 636(b)(1)(C).[2]

For the reasons set forth below, the Report must be set aside, and this Court should award attorneys' fees to Defendants as set forth in the underlying motion papers.

## ARGUMENT

**UPON *DE NOVO* REVIEW, THIS COURT SHOULD GRANT THE PARTIES' MOTION**

In the present case, the parties' settlement agreement contains a mutual general release provision. Where, as here, the Plaintiffs are no longer employed by any of the Defendants, courts have routinely found agreements with such provisions fair and reasonable pursuant to Cheeks. See, e.g., Chun Lan Guan v. Long Is. Bus. Instute, Inc., No. 15-CIV.-2215 (CBA) (VMS), 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020) (Amon, J.) ("there is nothing inherently unfair about a release of claims in an FLSA settlement" and finding that the mutual releases of claims in the Settlement Agreements are fair and reasonable, and do not run afoul of the FLSA's purpose of

---

[2] Judge Bulsara issued the Order at issue here on April 12, 2024, and this motion is made on April 26, 2024. This motion is therefore timely made within fourteen (14) days pursuant to Rule 72.

3

preventing abuse by employers upon applying the Wolinsky factors); Burgos v. Northeast Logistics, Inc., No. 15-CIV.-6840 (CLP), 2018 WL 2376481, at *6 (E.D.N.Y. Apr. 26, 2018), report and recommendation adopted, No. 15-CIV.-6840 (CBA), 2018 WL 2376300 (E.D.N.Y. May 24, 2018) (finding that the release satisfies the two conditions under which some courts typically approve of mutual general releases, but requiring parties to revisit an aspect of the release which is asymmetrical in order to receive approval); see also Grullon v. Justin Pharmacy Inc., No. 1:20- CIV.-6122 (OTW), 2021 WL 76386, at *3 (S.D.N.Y. Jan. 8, 2021) (when the plaintiff is a former employee with no ongoing relationship with the employer, courts in this District have approved a general release, if the release is mutual) (citing Strauss v. Little Fish Corp., No. 1:19-CIV.-10158 (LJL), 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit") (citing cases)); Small v. Stellar Mgmt. Ltd., No. 1:20-CIV.-2540 (SDA), 2020 WL 7890748, at *1 (S.D.N.Y. Oct. 21, 2020) ("In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising from their activities as such"); Souffrant v. 14-15 Mertens Place Corp., No. 19-CIV.-05482 (BCM), 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (approving agreement when modified to ensure releases extended only to those acting on behalf of or in privity with the parties and was limited to claims arising from actions taken in such capacities); Khan v. Young Adult Inst., Inc., No. 18-CIV.-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff

4

is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CIV.-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement").

As such, the existence of a mutual general release should not result in a finding that the agreement is unfair or unreasonable.

Accordingly, upon *de novo* review, this Court should approve the parties' joint letter motion for settlement approval.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court: (i) set aside Judge Bulsara's Report & Recommendation dated March 3, 2022, and (ii) for such other and further relief as this honorable Court deems just and proper.

Dated: Jamaica, New York
     April 26, 2024

Respectfully submitted,

**SAGE LEGAL LLC**
 */s/ Emanuel Kataev, Esq.* 
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

*Attorneys for Defendants*

**VIA ECF**
Akin Law Group PLLC
Attn: Robert D. Salaman, Esq.
45 Broadway, Suite 1420
New York, NY 10006-3007
rob@akinlaws.com

*Attorneys for Plaintiffs*