# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

September 2, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Eric N. Vitaliano, U.S.D.J.
225 Cadman Plaza East
Courtroom 4C South
Brooklyn, NY 11201-1804

**Re: Fidan, *et al.* v. Istanbul Rego Park Inc., *et al.***
**Case No.: 1:22-cv-2252 (ENV) (JRC)**
**Supplemental Suggestion of Bankruptcy and Request for Stay**

Dear Judge Vitaliano:

This firm represents Defendants in the above-referenced action. Defendants respectfully submit this supplemental suggestion of bankruptcy to supplement their prior notice dated July 27, 2026, ECF Docket Enty 53, to identify the additional bankruptcy petitions filed by the two individual Defendants, and request an immediate stay of further proceedings pending determination of the effect of those bankruptcy cases on the proceedings conducted and relief entered in this case.

It has been brought to your undersigned's attention recently that, on October 6, 2025, Defendant Yasin Cabuk ("Cabuk") filed a voluntary petition under Chapter 7 in the United States Bankruptcy Court for the Eastern District of New York, Case No. 1-25-44841. The July 26, 2026 notice only referenced a suggestion of bankruptcy as to Defendant Istanbul Rego Park Inc. and did not identify Cabuk as a debtor; the cited case number is Cabuk's individual bankruptcy petition. As Plaintiffs represented in their letter response dated July 28, 2026, ECF Docket Entry 54, Cabuk's case was closed on April 30, 2026. However, Plaintiffs fail to mention the following: (i) the Plaintiffs' claims were disclosed as a "debt" in Cabuk's bankruptcy petition (see Cabuk Bankruptcy Petition, ECF Docket Entry 1 at 22); and (ii) Cabuk's debt was discharged on January 14, 2026 (see Cabuk Bankruptcy Petition, ECF Docket Entry 25). Notably, no proofs of claim nor any motions were filed to object to the bankruptcy petition. Accordingly, this Court should find that the Plaintiffs' claims against Cabuk have been discharged.

Defendant Ali Gulu separately filed a voluntary petition under Chapter 7 in the United States Bankruptcy Court for the Eastern District of New York, Case No. 1-25-44452-nhl. On December 17, 2025, the Honorable Nancy Hershey Lord entered an Order of Discharge and Final Decree similarly granting Gulu a discharge under 11 U.S.C. § 727 and closing his Chapter 7 case. See Gulu Bankruptcy Petition, ECF Docket Entries 1 and 18. Thus, on the presently available record, the automatic stays arising from both individual petitions were operative when the December 17, 2025 hearing was conducted. Accordingly, this Court should find that the Plaintiffs' claims against Gulu have been discharged.

A bankruptcy petition operates immediately as a stay of "the commencement or continuation" of a prepetition judicial action against the debtor. See 11 U.S.C. § 362(a)(1). In this Circuit, proceedings or actions within § 362(a)(1) that occur after the stay takes effect are "void and without vitality." See Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994). Although an automatic stay ordinarily terminates upon closure, dismissal, or discharge, see 11 U.S.C. § 362(c)(2), termination does not itself retroactively validate judicial action taken while the stay was operative; retroactive relief requires annulment by the Bankruptcy Court. See E. Refractories Co. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir. 1998). The July 13, 2026 Report and Recommendation and the Court's August 3, 2026 Order approving the settlement rely on the record developed at the December 17, 2025 *Cheeks* hearing. Moreover, Gulu's discharge may separately implicate 11 U.S.C. § 524(a)(2), which enjoins continuation of an action to collect a discharged debt as the debtor's personal liability.

Defendants recognize that the automatic stays are not presently ongoing merely because the petitions were once pending. This request instead concerns the legal effect of proceedings conducted while the stays were operative and the separate effect of Cabuk's and Gulu's discharge.

Accordingly, pursuant to 11 U.S.C. §§ 362 and 524 and the Court's inherent authority to preserve the *status quo*, Defendants respectfully request that the Court: (1) stay all further proceedings; (2) stay implementation and enforcement of the August 3, 2026 Order pending determination of the bankruptcy consequences; and (3) permit the parties to submit the relevant bankruptcy dockets and orders and, if necessary, seek appropriate relief from the Bankruptcy Court. Plaintiffs opposed the prior request for a stay at ECF No. 54, and Defendants therefore presume that this request is opposed. Defendants thank the Court for its time and attention to this case.

Dated: Jamaica, New York
September 2, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*

**VIA ECF**
Akin & Salaman PLLC
Attn: Robert D. Salaman and Hakan Sen, Esqs.
45 Broadway, Suite 1420
New York, New York 10006
rob@akinlaws.com | hakan@akinlaws.com

*Attorneys for Plaintiffs*