**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
**Tel. (212) 825-1400 Fax. (212) 825-1440**

**Via ECF** September 3, 2026

United States District Court
Eastern District of New York
Honorable Eric N. Vitaliano
225 Cadman Plaza East
Courtroom 4C South
Brooklyn, NY 11201

**Re:** ***Fidan, et al. v. Istanbul Rego Park Inc., et al.***
Case No. 22-CV-2252 (ENV) (SJB)

Dear Judge Vitaliano:

Plaintiffs respectfully submit this letter in opposition to Defendants' September 2, 2026 Supplemental Suggestion of Bankruptcy and Request for Stay (ECF No. 55). Defendants' request should be **DENIED** in its entirety.

## I. Defendants Cannot Belatedly Invoke a Stay to Avoid Enforcement of the Court-Approved Settlement

Defendants now concede that neither automatic stay is presently in effect. Instead, they ask this Court to reach backward to the December 17, 2025 Cheeks hearing, declare that proceeding ineffective because of the individual bankruptcy filings of Defendants Yasin Cabuk and Ali Gulu, and then use that alleged defect to stay implementation and enforcement of the Court's August 3, 2026 Order approving the parties' settlement.

Defendants did not raise the individual bankruptcies as an impediment before the December 17, 2025 Cheeks hearing, did not raise the issue during the hearing, and permitted the Court and Plaintiffs to proceed through the fairness-review process. The Report and Recommendation thereafter issued, the Court approved the settlement on August 3, 2026, and payment became due on August 17, 2026. Only after the settlement was finally approved and payment became due did Defendants seek to invoke a stay to prevent enforcement.

Defendants had until July 27, 2026 to object to Judge Cho's July 13, 2026 Report and Recommendation. Although Defendants filed their initial Suggestion of Bankruptcy on that very date, **they did not object to the Report and Recommendation or contend that Judge Cho's fairness determination should be rejected because the December 17, 2025 hearing was void.** Consequently, on August 3, 2026, this Court expressly noted that "**no party has filed any objection(s)**," reviewed the Report and Recommendation for clear error, adopted it in its entirety, and approved the settlement.

## II. The Individual Bankruptcy Stays Do Not Extend to the Non-Bankrupt Corporate Defendant

Defendants' argument incorrectly assumes that an automatic stay applicable to Cabuk or Gulu individually rendered the entire proceeding void as to every Defendant. The Second Circuit has expressly held that "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). Likewise, "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

Defendants identify no current bankruptcy petition filed by Istanbul Rego Park Inc. Accordingly, even assuming *arguendo* that § 362 affected the December 17 hearing insofar as it concerned Cabuk or Gulu individually, Defendants have not established that the hearing was void in its entirety, that the settlement approval was ineffective as to the non-debtor Defendant, or that enforcement of the August 3 Order must now be stayed.

As to the individual Defendants, neither of their bankruptcy petitions are currently active, and therefore there is no basis to currently stay the proceedings against any of the Defendants, including the individual Defendants. To the extent an automatic stay should have been in place previously as to the Individuals when the Court approved the settlement, to the extent necessary, the Court should now reaffirm the August 3, 2026 Cheeks approval of the Settlement as to all Defendants.

## III. Defendants' Request Should Be Denied in Its Entirety

Accordingly, Plaintiffs respectfully request that Defendants' Supplemental Suggestion of Bankruptcy and Request for Stay be **DENIED IN ITS ENTIRETY**, that the Court decline to disturb or stay the completed Cheeks proceedings and its August 3, 2026 Order, and that Defendants be directed to comply with the Court-approved settlement and make the payment that has been due since August 17, 2026.

We thank Your Honor for his continued time and attention to this matter.

Respectfully submitted,

**Akin & Salaman PLLC**

*/s/ Hakan Sen*
Hakan Sen
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Attorneys for Plaintiff*