**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400 Fax. (212) 825-1440

**Via ECF** November 11, 2026

United States District Court
Eastern District of New York
Honorable Eric N. Vitaliano
225 Cadman Plaza East
Courtroom 4C South
Brooklyn, NY 11201

**Re:** ***Fidan, et al. v. Istanbul Rego Park Inc., et al.***
Case No. 22-CV-2252 (ENV) (SJB)

Dear Judge Vitaliano:

Plaintiffs Ali Fidan and Ece Karagoz ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this motion pursuant to the Court's October 21, 2026 Order to Show Cause concerning the bankruptcy discharges of Defendants Yasin Cabuk and Ali Gulu (the "Individual Defendants").

**PLAINTIFFS' LETTER MOTION IN RESPONSE TO THE OCTOBER 21, 2026 ORDER TO SHOW CAUSE**

## I. The Individual Defendants' Chapter 7 Bankruptcy Proceedings

Defendant Ali Gulu filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 17, 2025, in the United States Bankruptcy Court for the Eastern District of New York, Case No. 1-25-44452. Defendant Yasin Cabuk subsequently filed his Chapter 7 petition on October 6, 2025, in the same court, Case No. 1-25-44841.

Both proceedings were designated as no-asset Chapter 7 cases. The notices issued in each bankruptcy expressly advised creditors that no property appeared to be available for distribution and instructed them not to file proofs of claim unless subsequently notified that assets had become available. Specifically, the notices stated: "No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now."

The notices further provided that, if assets later became available, the Bankruptcy Clerk would issue an additional notice establishing a deadline for filing proofs of claim. Plaintiffs received no subsequent notice directing them to file a proof of claim, and no such claim was filed.

Having considered the circumstances of these proceedings and the potential exceptions to discharge under 11 U.S.C. § 523, Plaintiffs do not advance a statutory exception to the Individual Defendants' discharges in response to the Court's Order.

Instead, Plaintiffs respectfully submit that the appropriate course is to preserve and enforce the Court-approved settlement against Defendant Istanbul Rego Park Inc. (the "Corporate Defendant"), whose separate obligations remain unaffected by the Individual Defendants' discharges.

## II. The Individual Defendants' Bankruptcy Discharges Do Not Extinguish the Corporate Defendant's Settlement Obligations

Section 524(e) of the Bankruptcy Code expressly provides that the discharge of a debtor's obligation does not affect the liability of another entity for the same debt: "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

Here, the bankruptcy proceedings concern Cabuk and Gulu individually. Defendants have not established that Istanbul Rego Park Inc. filed for bankruptcy or obtained a discharge. Accordingly, the Individual Defendants' bankruptcy discharges do not extinguish the Corporate Defendant's separate obligations under the Court-approved settlement.

**III. <u>The Individual Bankruptcy Proceedings Provide No Basis to Disturb the Court's August 3, 2026 Settlement Approval</u>**

As Plaintiffs previously explained in their September 3, 2026 opposition to Defendants' Supplemental Suggestion of Bankruptcy and Request for Stay, the automatic stays arising from the Individual Defendants' bankruptcy proceedings are no longer operative.

The Second Circuit has held that "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). Likewise, "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

Consequently, the Individual Defendants' bankruptcy filings did not automatically extend bankruptcy protection to Istanbul Rego Park Inc., and their subsequent discharges do not prevent Plaintiffs from pursuing enforcement of the settlement against that non-debtor entity.

The parties first reported their settlement to this Court on December 5, 2023. Magistrate Judge Cho subsequently conducted a *Cheeks* fairness hearing on December 17, 2025, and issued a Report and Recommendation recommending approval on July 13, 2026. This Court adopted that recommendation in its entirety on August 3, 2026.

Defendants did not raise the individual bankruptcies as an impediment during the December 17, 2025 fairness hearing. Although Defendants filed their initial Suggestion of Bankruptcy on July 27, 2026, the deadline for objections to Judge Cho's Report and Recommendation, they did not object to that recommendation. The Court thereafter approved the settlement.

Plaintiffs have waited nearly three years since the settlement was first reported to the Court. They respectfully submit that the Individual Defendants' bankruptcy proceedings should not result in additional delay or prevent enforcement of the settlement against Istanbul Rego Park Inc.

### IV. <u>The Court Should Preserve the Approved Settlement and Permit Enforcement Against the Corporate Defendant</u>

Plaintiffs have considered the potential exceptions to discharge identified in 11 U.S.C. § 523 and, for purposes of responding to the Court's October 21, 2026 Order, do not assert that an exception applies to the Individual Defendants' settlement obligations. Plaintiffs instead seek to preserve and enforce the settlement against Istanbul Rego Park Inc., whose liability is unaffected by the Individual Defendants' discharges under 11 U.S.C. § 524(e).

Accordingly, Plaintiffs respectfully request that the Court decline to disturb its August 3, 2026 Order approving the parties' settlement on the basis of the Individual Defendants' bankruptcy discharges, recognize that those discharges do not extinguish the Corporate Defendant's obligations, and permit Plaintiffs to pursue enforcement of the approved settlement against Istanbul Rego Park Inc.

Additionally, Plaintiffs respectfully request that the Court find that Istanbul Rego Park Inc. **<u>has failed to comply with its payment obligations under the approved settlement agreement</u>**; and **<u>direct Istanbul Rego Park Inc. to immediately remit the outstanding settlement payment</u>**, together with any additional relief the Court deems just and proper.

Plaintiffs thank the Court for its continued time and consideration.

Respectfully submitted,

**Akin & Salaman PLLC**

*<u>/s/ Hakan Sen</u>*
Hakan Sen
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Attorneys for Plaintiffs*