**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------X

ALI FIDAN and ECE KARAGOZ,

Plaintiffs,

-against-

ISTANBUL REGO PARK INC. d/b/a BLACK SEA FISH AND GRILL, ALI GULU, YASIN CABUK, YURI DOE, and YUJIN DOE,

Defendants.

----------------------------------------------------X

Case No.: 1:22-cv-2252 (ENV) (JRC)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' LETTER MOTION IN RESPONSE TO THE ORDER TO SHOW CAUSE AND IN SUPPORT OF THEIR CROSS-MOTION**

## PRELIMINARY STATEMENT

Defendants Istanbul Rego Park Inc. d/b/a Black Sea Fish and Grill (hereinafter "Istanbul" or the "Corporate Defendant"), Ali Gulu (hereinafter "Gulu"), Yasin Cabuk (hereinafter "Cabuk") (Gulu and Cabuk collectively hereinafter the "Individual Defendants"), Yuri Doe, and Yujin Doe (all collectively hereinafter the "Defendants"), by and through their attorneys, Sage Legal LLC, submit this memorandum of law, together with the declaration of Emanuel Kataev, Esq. dated November 25, 2026 (hereinafter the "Kataev Decl."), in opposition to the letter motion of Plaintiffs Ali Fidan and Ece Karagoz (collectively hereinafter the "Plaintiffs") filed in response to this Court's October 21, 2026 Order to Show Cause (hereinafter the "OSC") (ECF Docket Entry ("ECF") 57), and in support of Defendants' cross-motion pursuant to 11 U.S.C. § 524(a) and Rule 60(b)(5) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

The OSC asked one question: whether any exception applies to the Individual Defendants' bankruptcy discharges. Plaintiffs answer it themselves. They "do not advance a statutory exception to the Individual Defendants' discharges." (ECF 57 at 2).

That concession ends the inquiry, and the Bankruptcy Code (the "Code") supplies the consequence: the Individual Defendants' settlement debts are discharged, and the discharge injunction forbids any further effort to collect them, including the filing of their confessions of judgment. The balance of Plaintiffs' letter seeks relief the OSC never invited: a finding that Istanbul breached the parties' settlement agreement and an order directing Istanbul to "immediately remit the outstanding settlement payment." (ECF 57 at 4) (emphasis omitted). That request comes in a letter brief, without a notice of motion or a single affidavit, and should be denied.

## STATEMENT OF FACTS

Plaintiffs commenced this wage case on April 20, 2022. (ECF 1). In January 2023, opposing a stay sought on account of Istanbul's since-dismissed Chapter 11 case, Plaintiffs argued that their wage claims were nondischargeable "willful and malicious injury" debts under 11 U.S.C. § 523(a)(6). (ECF 15 at 1-2).

On August 4, 2025, Plaintiffs filed the parties' revised Settlement Agreement and Release of Wage and Hour Claims (hereinafter the "Agreement"). (ECF 48). The Agreement obligates "Defendants" to pay eighty-two thousand dollars and zero cents ($82,000.00) in installments over roughly nineteen (19) months, beginning "within fifteen (14) days of judicial approval." (ECF 48 ¶ 4(a)-(c)). Upon a missed payment, Plaintiffs must give written notice by email, and only if the default is not cured within seven (7) days may Plaintiffs accelerate the balance and file the escrowed affidavits of confession of judgment. (Id. ¶ 4(e)-(f)). Each confession may not be used "to enter a judgment against any individual or entity other than" its signatory. (Id. at Exs. A-C ¶ 7).

Gulu filed a voluntary Chapter 7 petition on September 17, 2025. See In re Gulu, No. 1-25-44452-nhl (Bankr. E.D.N.Y.).

The clerk's notice set the meeting of creditors for October 14, 2025 and fixed December 15, 2025 as the last day to oppose discharge or dischargeability. See Kataev Decl. ¶ 3. No complaint was filed, and the Bankruptcy Court entered an Order Discharging Debtor and Final Decree on December 17, 2025. See Id. ¶ 4.

Cabuk similarly filed a voluntary Chapter 7 petition on October 6, 2025. See In re Cabuk, No. 1-25-44841 (Bankr. E.D.N.Y.); see also Kataev Decl. ¶ 6. Cabuk scheduled Plaintiffs' claims as a debt to be discharged. (Id. ¶ 8). The clerk's notice fixed January 12, 2026 as the last day to oppose discharge or dischargeability. (Id. ¶ 6). No complaint was filed, and the Bankruptcy Court granted Cabuk a discharge on January 14, 2026 and closed the case on April 30, 2026. (Id. ¶ 8, 9).

Both cases were no-asset cases, and Plaintiffs acknowledge the notices issued in each. See ECF 57 at 1-2. Neither docket reflects an adversary proceeding, a complaint under 11 U.S.C. § 523(c), or a motion to extend the time to file one. See Kataev Decl. ¶ 10.

Meanwhile, Hon. James R. Cho, U.S.M.J. ("Judge Cho") held the fairness hearing on December 17, 2025, while Cabuk's case was pending and on the day Gulu's discharge entered. See Text Only Order dated August 3, 2026. Judge Cho recommended approval on July 13, 2026. See ECF 52. Defendants filed a suggestion of bankruptcy on July 27, 2026 (ECF 53), and on August 3, 2026 this Court adopted the recommendation and approved the Agreement (hereinafter the "August 3 Order"). Defendants supplemented their suggestion on September 2, 2026 (ECF 55), and the OSC followed. Istanbul is not a debtor in any pending case; its 2022 Chapter 11 case was dismissed on June 29, 2023. See Kataev Decl. ¶ 11.

This Court may take judicial notice of the bankruptcy filings "'to establish the fact of such litigation and related filings.'" See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (internal citation omitted). Because the parties have not consented to proceed before a magistrate judge (ECF 50), any referral should proceed by report and recommendation. See 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

## POINT I

## THE INDIVIDUAL DEFENDANTS' SETTLEMENT DEBTS WERE DISCHARGED, AND NO EXCEPTION APPLIES

### A. The Debts Arose Before the Petitions and Were Discharged

A Chapter 7 discharge releases the debtor "from all debts that arose before the date of the order for relief." See 11 U.S.C. § 727(b). The petition date is the date of the order for relief. See 11 U.S.C. § 301(b). A "debt" is liability on a "claim," which includes any right to payment, whether "contingent," "unmatured," or "disputed." See 11 U.S.C. § 101(5)(A), (12).

Plaintiffs' wage claims arose during employment that ended before this case began in 2022, and the Agreement was executed and filed by August 4, 2025, weeks before either petition. See ECF 1 ¶¶ 10, 110; see also ECF 48. That payment awaited judicial approval made the obligation contingent, not postpetition. A scheduled debt "is discharged unless the debt is excepted from discharge under one of the exceptions set forth in § 523(a)." See Massa v. Addona (In re Massa), 187 F.3d 292, 295-96 (2d Cir. 1999).

### B. Plaintiffs Concede That No Exception Applies, and Any Exception Is Time-Barred

Plaintiffs expressly decline to assert any exception. See ECF 57 at 2, 4. The concession is compelled. Debts of the kind described in 11 U.S.C. § 523(a)(2), (4), and (6) are discharged unless the creditor timely asks the bankruptcy court to except them. See 11 U.S.C. § 523(c)(1).

That complaint must be filed within sixty (60) days after the first date set for the meeting of creditors, and any extension must be sought before the time expires. See Fed. R. Bankr. P. 4007(c); see also Fed. R. Bankr. P. 9006(b)(3). Those deadlines expired on December 15, 2025 and January 12, 2026, with nothing filed. See Kataev Decl. ¶¶ 3, 6.

Moreover, the question belongs to the bankruptcy court alone. "Whether a claim is excepted from discharge under Section 523(a)(6) . . . is a matter solely within the jurisdiction of the Bankruptcy Court." See Casey v. Mohamed, 323 B.R. 834, 836 (S.D.N.Y. 2005); accord Rey v. Laureda (In re Rey), No. 05-CIV.-3535, 2006 WL 1420349, at *1 (E.D.N.Y. May 22, 2006). Critically, Plaintiffs knew of the theory; they pressed it in this very case in 2023. See ECF 15 at 1-2. They chose not to pursue it when the Code required.

### C. Section 523(a)(3) Offers Plaintiffs No Refuge

Plaintiffs suggest that the no-asset notices told them not to file proofs of claim. See ECF 57 at 1-2. That instruction concerned proofs of claim, not dischargeability; the same notices fixed the deadline to object to discharge or dischargeability. See Kataev Decl. ¶¶ 3 6. And where a creditor "had actual knowledge of the bankruptcy proceeding and failed to act, the debt would be discharged." See Massa, 187 F.3d at 296 (citing GAC Enters., Inc. v. Medaglia (In re Medaglia), 52 F.3d 451, 455 (2d Cir. 1995)).

Here, Plaintiffs indisputably had notice and apparently did nothing.

## POINT II

## THE DISCHARGE INJUNCTION BARS ANY FURTHER ENFORCEMENT AGAINST THE INDIVIDUAL DEFENDANTS

### A. Section 524(a) Voids Any Determination of Personal Liability and Enjoins Collection

A discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." See 11 U.S.C. § 524(a)(1)-(2). Both protections apply "whether or not discharge of such debt is waived." Id. The only path to revive a discharged debt is a reaffirmation agreement made before discharge and filed with the bankruptcy court; none exists. See 11 U.S.C. § 524(c)(1), (3).

It follows that the August 3 Order cannot operate as a determination of the Individual Defendants' personal liability, and that Plaintiffs may not file the Gulu and Cabuk confessions of judgment held in escrow. Doing so would be precisely the "employment of process" to collect a discharged debt that § 524(a)(2) forbids.

### B. Plaintiffs' Waiver Argument Fails

Plaintiffs argue that Defendants did not raise the bankruptcies at the fairness hearing and did not object to the report and recommendation. See ECF 57 at 3. The argument fails for four (4) independent reasons, each of which is sufficient on its own to deny the relief Plaintiffs seek.

*First*, the statute forecloses it: the discharge injunction applies "whether or not discharge of such debt is waived." See 11 U.S.C. § 524(a)(1)-(2).

*Second*, the absence of objections does not limit this Court; the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." See Thomas v. Arn, 474 U.S. 140, 154 (1985). Moreover, Defendants placed the bankruptcy before this Court on July 27, 2026, before the August 3 Order. See ECF 53.

*Third*, the fairness hearing took place while Cabuk's automatic stay was in effect. See 11 U.S.C. § 362(a)(1). Proceedings within § 362(a)(1) "are void and without vitality if they occur after the automatic stay takes effect." See Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994). Only a bankruptcy court order annulling the stay reaches back to validate such proceedings, see E. Refractories Co. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir. 1998), and Plaintiffs never sought one. As to Gulu, the hearing occurred either during his stay or after his discharge; either way, it could not fix his personal liability.

*Fourth*, Plaintiffs' authorities hold only that a debtor's stay does not protect non-debtors. See Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986); see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). They say nothing about the debtors themselves.

**C. The Court Should Grant the Cross-Motion**

Rule 60(b)(5) permits relief from an order where "the judgment has been . . . discharged." Accordingly, the Court should: (i) declare that the Individual Defendants' debts arising from this case and the Agreement were discharged; (ii) relieve the Individual Defendants from the August 3 Order to the extent it may be construed as a determination of their personal liability; (iii) direct Plaintiffs' counsel to return the Gulu and Cabuk confessions of judgment and refrain from filing them; and (iv) dismiss all claims against the Individual Defendants with prejudice.

## POINT III

## PLAINTIFFS' REQUEST TO COMPEL IMMEDIATE PAYMENT BY ISTANBUL SHOULD BE DENIED

### A. The Request Exceeds the OSC and Ignores the Rules Governing Motions

Defendants do not contend that the Individual Defendants' discharges release Istanbul. See 11 U.S.C. § 524(e). But the OSC directed Plaintiffs to brief exceptions to discharge, not to seek a merits finding of breach and a payment mandate. A request for a court order must "state with particularity the grounds for seeking the order" and "the relief sought." See Fed. R. Civ. P. 7(b)(1)(B)-(C). Local Civil Rule (hereinafter "LCR") 7.1(a) requires a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing the factual information necessary to decide the motion. And this Court's Individual Rules provide that "[n]o letter briefs shall be permitted, unless requested by the Court." See Individual Rule III.C.

Plaintiffs' four-page letter meets none of these requirements. It offers no affidavit showing what was paid, what is due, or whether the contractual notice was given and the cure period ran, and it never identifies "the outstanding settlement payment" it seeks. See ECF 57 at 4 (emphasis omitted). The Court cannot make the factual finding of breach Plaintiffs request on this record.

### B. The Agreement Supplies Its Own Remedy, Which the Court Should Not Rewrite

The Agreement is interpreted under New York law. See ECF 48 ¶ 9. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." See Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 569 (2002). The parties agreed that a missed payment triggers written notice by email, a seven (7) day cure period, and only then acceleration and the filing of the confessions of judgment. See ECF 48 ¶ 4(e)-(f)).

An order compelling immediate payment of an unspecified sum would bypass that bargained-for procedure and rewrite the Agreement. Any enforcement against Istanbul should proceed, if at all, by a properly noticed motion on a factual record.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court: (i) deny Plaintiffs' letter motion to the extent it seeks a finding that Istanbul breached the Agreement and an order directing immediate payment; (ii) grant Defendants' cross-motion in its entirety; and (iii) grant Defendants such other and further relief as this Court deems just, equitable, and proper.

Dated: Jamaica, New York
November 25, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Istanbul Rego Park Inc.*
*d/b/a Black Sea Fish and Grill,*
*Ali Gulu, Yasin Cabuk,*
*Yuri Doe, and Yujin Doe*

**VIA ECF**
All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to LCR 7.1(c) that the foregoing memorandum of law was prepared using Microsoft Word and contains 2,312 words, exclusive of the caption, signature block, and this certificate, and that it complies with the Court's October 21, 2026 Order limiting filings to ten (10) pages, double spaced, excluding exhibits.

Dated: Jamaica, New York
November 25, 2026

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.